AGNES, (The LOUISA.)
[See The LOUISA AGNES, Case No. 8,531.]

## Case No. 100.

### AGNEW v. DORMAN.

[Taney, 386.][2]

Circuit Court, D. Maryland.  April Term, 1838.

APPEAL—JURISDICTIONAL AMOUNT — AMENDMENT OF PLEADINGS.

1. A libel was filed in the district court, by a seaman, against the master of a vessel, to recover a balance of $30.95, claimed to be due for wages; and also damages for an assault committed upon the libellant by the master, without claiming any particular amount of damages: the libel was dismissed by the district court, and in the circuit court, to which the case was taken by appeal, a motion was made to dismiss the appeal, on the ground that the record did not show that the sum in controversy amounted to $50: a motion was thereupon made by the appellant, to amend his libel, by inserting that he had sustained damages, by the assault, to the amount of $300: one of the witnesses had proved that he would not have run the risk of the blow given to the libellant for $100: Held, that the amendment asked for could not be made; that the circuit court had no authority to review the decree of the district court, unless the sum in controversy amounted to $50; and that the court could not permit an amendment to be made, the object of which was to change the record so as to give the court jurisdiction, in a case where, according to the record before them, they had none.

2. If the case showed that the appeal was legally before the court, then, having jurisdiction over it, the court could permit the pleadings to be so amended as to enable it to do justice between the parties; but it cannot acquire jurisdiction, by altering the record which has come to it from the district court.

3. The deposition of the witness does not show the amount of damages claimed by the libellant; and it is the claim of the libellant, and the answer of the respondent, denying the claim, that make the controversy, and ascertain the amount in dispute.

4. Where property is in dispute, and the value of it is not averred, and does not appear in the record, parol testimony has been received in the supreme court, upon appeal, to show its value, and to show the jurisdiction of the court.

5. And so too, as to the value of an office, where the right to the office is the matter in controversy.

6. But where the controversy relates merely to the amount of money which one party is entitled to recover from the other, the record must show the amount in dispute, in order to give jurisdiction to the appellate court.

7. In all cases in the supreme court, where the appeal is dismissed for want of jurisdiction, the court gives no costs; and that being the rule in the supreme court, it is proper that the circuit court should adopt the same rule in analogous cases.

[Appeal from the district court of the United States for the district of Maryland.]

[In admiralty. Libel by Robert Agnew against Hezekiah Dorman, master of the schooner Octavia, for wages and damages. From the decree of the district court dismissing the libel, libelant appealed. Respondent moves to dismiss the appeal, and libelant moves to amend the libel. Appeal dismissed.]

This was a libel filed in the district court for the Maryland district, by a seaman against the master of the schooner Octavia, to recover a balance of $30.95, which the libellant alleged to be due to him for wages, and also to recover damages for an assault and battery committed on him by the master. He did not, in the libel, claim any particular amount of damages for the assault, but prayed the court to give him heavy damages for it against the master. The respond-

[1][Reported by Samuel Blatchford, Esq.]
[2][Reported by James Mason Campbell, Esq., and here reprinted by permission.]

ent in the district court, in his answer, objected to the libel, upon the ground that the claim for wages and the claim for damages for the assault and battery could not be united together in the same libel, and prayed that the same might be dismissed. The respondent, after taking this objection, proceeded in his answer to deny that anything was due to the libellant for wages, and insisted that the blow he gave him was justified by his improper and disobedient conduct. Testimony was taken in the district court, and at the hearing the court dismissed the libel, on the ground that the claim for wages and for damages for an assault and battery could not be united in the same suit. The libellant appealed to the circuit court, and the appellee now moved to dismiss the appeal, on the ground that there was nothing in the record to show that the value in controversy amounted to $50, and that the circuit court, therefore, had no jurisdiction of the appeal; the balance for wages claimed being only $30.95, and no particular sum being claimed as damages for the assault and battery. The counsel for the appellant thereupon moved to amend his libel, by inserting an averment that the libellant had sustained damages by the assault and battery, to the value of $300; the averment was objected to by the counsel for the appellee.

N. Williams, for appellant, cited [The Marianna Flora,] 11 Wheat. [24 U. S.] 1; Dunl. Adm. Pr. 211.

J. Glenn, for appellee, cited Jenks v. Lewis, [Case No. 7,279.]

TANEY, Circuit Justice. The amendment cannot be made. If the court had jurisdiction of the case, that is, if enough appeared in the record to show that the circuit court had a right to review the decision of the district court in this case, there is no doubt the court would have the power to allow any amendment necessary to bring the justice of the case fairly and fully to trial. But this court has no authority, by law, to review the decree of the district court, unless the matter in controversy amounts to $50; the record does not show that it amounts to this sum; and the object of the amendment is to change the record, in order to give the court jurisdiction in a case where, according to the record before them, they have not jurisdiction; the court think this cannot be done. If the case showed that the appeal was legally in this court, then having jurisdiction over it, the court could permit the pleadings to be so amended, as to enable the court to do justice between the parties; but we cannot acquire jurisdiction by altering the record which has come to us from the district court.

Mr. Williams then suggested that one of the witnesses whose deposition was contained in the record, stated that he saw the assault and battery, and that he would not have run the risk of the blow given to the libellant for $100.

TANEY, Circuit Justice. The deposition of the witness does not show the amount of damages claimed by the libellant, and it is the claim of the libellant, and the answer of the respondent denying the claim, that make the controversy, and ascertain the amount in dispute. Where property is in dispute, and the value of it is not averred, and does not appear in the record, parol testimony has been received in the supreme court, upon appeal, to show its value, and to show the jurisdiction of the court; and so too, as to the value of an office, where the right to the office is the matter in controversy. But where the controversy relates merely to the amount of money which one party is entitled to recover from the other, the record must show the amount in dispute, in order to give jurisdiction to the appellate court; and the amount in dispute is shown by the claim made by one, and the denial made by the other. The damages might in fact have amounted to $100, and yet, if the libellant claimed but $10, as his damages, $10 would be all that was in controversy.

The circuit court dismissed the appeal, for want of jurisdiction, without costs; saying, that in all cases in the supreme court, where the appeal was dismissed for want of jurisdiction, the court gave no costs, and as that was the rule in the supreme court, it was proper that the circuit court should adopt the same rule in analogous cases.

---

### AGNEW, (LELAND v.)

[See Leland v. Agnew, Case No. 8,236.]

---

### AGRY, (WALLACE v.)

[See Wallace v. Agry, Case No. 17,097.]

---

### AGUILLA, The.