GUSTAVUS BEALL *vs.* JAMES BLACK.—*December* 1843.

Under the act of 1835, ch. 201, the county court has jurisdiction in an action on the case, for overflowing the plaintiff's land, by reason of obstructions suffered to remain in defendants' mill-race, where the damages laid were above one hundred dollars, though the verdict was for a less sum.

In cases of contract the sum recovered, and not the matter put in demand, is made to decide the question of jurisdiction. The language is where the debt or damages do not exceed one hundred dollars.

It is the duty of courts of justice by just construction, to reconcile the various sections in an act of Assembly, to prevent that clashing interference and incongruity which ought never to be imputed to the legislature, where it is practicable to avoid it.

APPEAL from *Allegany* County Court.

This was an action upon the case, brought by the appellee against the appellant, on the 15th April 1840.

The plaintiff declared, that whereas the said plaintiff on, &c., and long before was, and from thence hitherto hath been, and still is lawfully seized and possessed of a certain close, consisting of lots Nos. 218 and 219, situated on *Mechanic* street in the town of *Cumberland,* and a parcel of land being part of the tract called "*Walnut Bottom,*" situated on *Mill* street in said town, through which said close a certain canal, commonly called a "mill race," for a long time hitherto hath existed and still exists, in and through which, until the committing of the grievances hereinafter mentioned, the water has been used to run and flow in sufficient and abundant quantity, to supply a certain mill of the said defendant, situated below the close aforesaid, of the said plaintiff, without overflowing in any manner the banks of said canal, or doing the least injury to the close aforesaid, to wit, at the county aforesaid. And whereas, in consideration of the use and enjoyment of the said canal,

by the said defendant, for the purpose of conveying by means of the same, the water out of *Wills* creek, down and through the said plaintiff's close to the mill of the said defendant, for the use thereof, it was the legal and bounden duty of the said defendant, to have kept the said canal at all times hitherto, free from obstructions of any kind, and to have kept the bed of the same constantly cleaned out, and prevented it from filling up by any sort of wash or alluvial matter, &c., to wit, at the county aforesaid. Yet the said defendant well knowing the premises, but contriving and wrongfully and unjustly intending to injure and prejudice the said plaintiff in respect of his said close, by making the same valueless and untenantable heretofore, to wit, on the day and year first above mentioned, and on divers other days and times before and since obstructed the water in said canal, and caused the same to back up, until it reached and overflowed the said plaintiff's close, and covered the same with a constant pool of water, by raising and heightening the dam at his, the defendant's mill aforesaid, above its usual, lawful and customary heighth, and altering the bed of the same, and also by contracting the dimensions of said canal, at and near said dam, and suffering the wash and all sorts of alluvial matter to accumulate in the bed of said canal, along the whole line of the same, from its junction with *Wills* creek unto the terminus thereof, at the said defendant's mill aforesaid, to wit, at the county aforesaid. By means whereof, the close aforesaid, of the said plaintiff was and has been, and still is greatly impaired in value, and ever since the committing of the grievances aforesaid, has become entirely useless, unfit for cultivation and uninhabitable, to wit, at, &c.

The declaration contained several other counts, varying the nature of the injury complained of, and concluded, whereby the said plaintiff saith that he hath damage, and is the worse to the value of one thousand dollars, and thereupon he brings suit, &c. The defendant pleaded *not guilty*, on which issue was found, and a verdict was rendered against him for *seventy-five* dollars.

*Motion in arrest of judgment.* For that at the time of issuing the original writ in this cause, the act of the General Assembly of Maryland of 1835, chapter 201, entitled an act to establish magistrates' courts in the several counties of this state, and to prescribe their jurisdiction, was in force in *Allegany* county, and the cause of action was therefore not within the jurisdiction of this court, the verdict of the jury in this cause being for a sum less than one hundred dollars, by the defendants deducting the amount of such damages found by the jury from his costs.

The county court overruled the motion in arrest, and the defendant, after judgment against him, prosecuted this appeal.

The cause was argued before STEPHEN, ARCHER, DORSEY and CHAMBERS, J.

By McKAIG for the appellant, and
By McMAHON and PRICE for the appellee.

STEPHEN, J., delivered the opinion of this court.

This is an action of trespass on the case, instituted in *Allegany* county court, for an alleged injury to the plaintiff by overflowing his land, and the damages laid in the nar to amount to the sum of one thousand dollars. The suit was brought after the passage of the act of 1835, chapter 201, establishing magistrates courts in the several counties of this State, and prescribing the limits of their jurisdiction. The jury rendered a verdict for the sum of *seventy five* dollars, as the amount of damage sustained by the plaintiff, and the defendant by his counsel moved in arrest of judgment, upon the ground of a defect of jurisdiction in the county court, and that the cause of action was exclusively cognisable by the magistrates courts, as their jurisdiction was limited and defined by the provisions of the said act of Assembly. The motion of the defendant was overruled by the court below, and the jurisdiction of the county court sustained by entering judgment for the plaintiff, upon the verdict for the damages found by the jury, and his costs of suit.

A question of a similar nature has very recently engaged the attention of this court, which rendered it necessary to examine the several acts of Assembly, defining the powers of justices of the peace in the recovery of small debts, and other matters submitted by law to their jurisdiction. According to the opinion then entertained by this court, in reference to the proper test of jurisdiction to be applied to this case, the jurisdiction of the court below was not ousted or taken away by the act of 1835, ch. 201, and judgment in favor of the plaintiff for his damages and costs was properly entered by them.

The act of 1835, ch. 201, sec. 2, provides that the district courts "shall have jurisdiction over, and may take cognizance of all cases whatever, now within the jurisdiction or cognizance of a single or two justices of the peace, and in all like or similar cases, where the debt or damages laid or claimed, shall not exceed the sum of one hundred dollars, and under like and similar restrictions and limitations, except so far as the same may be inconsistent with the provisions of this act; and shall have and exercise original jurisdiction in all cases of debt or contract, expressed or implied, where the debt or damages do not exceed one hundred dollars," and in all actions of trespass, where the title is not involved, and the damages claimed do not exceed one hundred dollars.

Prior to the act of 1835, the jurisdiction of the county court to administer redress to the plaintiff for the injury done to his property was clear and unquestionable, and we do not think that upon a proper and true construction of that act, according to the principles settled by this court, in the case of *O'Reilly vs. Murdoch*, above referred to, it has been taken away or ousted.

In that case it was held, that in actions similar to the present, the true standard of jurisdiction was furnished not by the sum recovered by the verdict of the jury, but by the sum put in demand, or the damages laid or claimed in the plaintiff's declaration. By an act passed in 1824, a new test of jurisdiction was first introduced in cases sounding in tort, and not in contract, and from that period, the same rule has been preserv-

ed inviolate. The rule established by that act, (and which has uniformly been adhered to ever since,) to test the jurisdiction of the justices of the peace in cases of tort, has been the damages claimed, and not the sum recovered. In cases of contract, a different principle seems to have prevailed; and in all such cases, the sum recovered, and not the matter put in demand is made to decide the question of jurisdiction. From this rule no departure has been made by the act of 1835. In all cases of debt or contract, expressed or implied, it is the real debt or damage which founds the jurisdiction. The language is, shall have and exercise original jurisdiction, "where the debt or damages do not exceed one hundred dollars," but when that act confers jurisdiction in trespass or other cases of tort, it is the sum demanded which furnishes the criterion of judicial power, and not the sum recovered. Nor is there any thing in the fourth section of the said act, which upon a proper construction of it, can be considered as impugning the views heretofore taken of this subject. The cases referred to in that section, where the jurisdiction of the county court is made to depend upon the verdict of the jury, are manifestly cases of debt or contract, previously provided for in that act, and where the same test had been adopted, and not cases of tort, where a different rule had been applied, as establishing the boundaries of jurisdiction. This construction is necessary to reconcile the second and fourth sections, and to prevent that clashing interference and incongruity, which ought never to be imputed to the legislature, where it is practicable to avoid it.

**JUDGMENT AFFIRMED.**