MARTIN L. MAIN ET AL., TRADING AS THE MANUFAC-
TURERS' SUPPLY COMPANY, *vs*. DAVID A. FESSLER.

*Appeal from Justice of the Peace to the Circuit Court—Quashing At-
tachment by Circuit Court.*

Under Code, Art. 26, sec. 36, Justices of the Peace have in the coun-
ties exclusive jurisdiction of all suits where the debt or damages
claimed are less than fifty dollars, and the Circuit Courts have juris-
diction of such suits only on appeal from the judgment of a Justice
under Code, Art. 5 sec. 83. No appeal lies to this Court from a
judgment of the Circuit Court on appeal from a Justice, and no ap-
peal lies from its order quashing an attachment issued on such a
judgment.

Appeal from an order of the Circuit Court for Washing-
ton County (SLOAN, J).

The cause was submitted to the Court on briefs by:

*William J. Witzenbacher*, for the appellant.

No appearance for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

We dismiss this appeal, *ex mero motu*, for the want of
jurisdiction to entertain it  The facts are as follows : Fess-
ler entered into a contract in writing with Main and others,
composing the Manufacturers' Supply Company, for the
purchase of a stove to be paid for in monthly installments.
In the contract Fessler stipulated, among other things, that
if default should be made by him in paying any installment,
Main and Company might retake possession of the stove,
and that he waived " all right of homestead and other ex-
emptions, under the laws of (Maryland), as against this ob-
ligation."  Main and Company sued Fessler before a Justice
of the Peace of Washington County to recover the balance
due by the latter on the purchase, and judgment was rend-
ered for Fessler, whereupon Main and Company took an

appeal to the Circuit Court for Washington County. That Court reversed the judgment of the magistrate and entered judgment in favor of Main and Company for the sum of seven dollars and fifty cents debt and sixteen dollars and fifty cents costs, "and all exemptions waived." Thereupon Main and Company caused an attachment, by way of execution, to be issued by the Clerk of the Circuit Court upon this judgment, and the Sheriff attached all the moneys, rights and credits of Fessler in the hands of the Crawford Manufacturing Company. These moneys, rights and credits so attached, consisted of wages due by the Crawford Company to Fessler, and were less than one hundred dollars in amount. Fessler filed a motion to quash the attachment, but assigned no reasons. On the eleventh of March, eighteen hundred and ninety-nine, the Circuit Court quashed the attachment, and from that order this appeal was taken.

The Circuit Courts for the several counties are the highest common law Courts of record and original jurisdiction within the State, and possess full common law powers and jurisdiction in all civil and criminal cases, *except* where by law the jurisdiction has been taken away or conferred upon another tribunal. *Code, Art. 26 sec. 36.* Now, by an Act of Assembly, jurisdiction was conferred upon Justices of the Peace in all cases for the enforcement of contracts, and to obtain redress for wrongs when the debt or damage claimed did not exceed fifty dollars. By a subsequent Act the jurisdiction was extended to cases where the debt or damage claimed did not exceed one hundred dollars ; but it was declared that " in all cases where the amount claimed, or the thing in action exceeds the value of fifty dollars and Justices of the Peace have jurisdiction, the several Circuit Courts for the counties shall have concurrent jurisdiction with Justices of the Peace." The effect of these statutes is to deprive the Circuit Courts of all jurisdiction in actions *ex contractu* when the amount *recovered* is less than fifty dollars, and in actions *ex delicto* when the amount *claimed*

is below the same sum.	*O'Reilly* v. *Murdock*, 1 Gill, 32 ;
*Mayer's Dig.*, 493, *and cases cited.*

The cause of action in the case at bar was a contract.
The amount due or alleged to be due under that contract
was less than fifty dollars.	The subject of the controversy
was, therefore, solely within the jurisdiction of a Justice of
the Peace ; and the only jurisdiction which the Circuit
Court had or could have had was entirely appellate.	Upon
the appeal from the judgment of the magistrate, the Circuit
Court acquired jurisdiction of the cause, not in virtue of
its common law powers, but purely as an appellate tribunal.
The reversal of the magistrate's judgment and the entry by
the Circuit Court of a judgment for seven dollars and fifty
cents was done pursuant to the authority conferred upon
the Court by *sec. 83, Art. 5, of the Code.*	This section
authorizes the Court to hear cases on appeal from Justices
of the Peace, and upon such hearing to decide according to
law and the equity and the right of the matter.	From a
judgment so entered no appeal lies to this Court, because
none is provided by law.	As the Circuit Court had no
original jurisdiction to hear and decide this case or to enter
judgment therein, it had no original jurisdiction to issue
execution on the judgment it did render.	Its authority in
both instances, that is to render judgment and to award
execution on that judgment, was as an Appellate Court and
not as one of original jurisdiction.	In the issuing of the
attachment by way of execution the Court was acting upon
a subject-matter over which it had no original jurisdiction ;
and if an appeal from its order quashing that attachment
could bring the propriety of that order before this Court
for review, we would have this anomalous situation con-
fronting us, that whilst no appeal could be taken from the
*judgment* rendered by the Circuit Court on the appeal from
the magistrate, an appeal would lie to inquire into the regu-
larity of the *execution* issued to enforce the very judgment
which it is beyond our power to review.	The action of the
Circuit Court on the merits of the thing in controversy

could not be brought here by appeal, but the incident of that action could be. We could not inquire whether the judgment itself was right, but could decide whether an execution issued on that judgment was properly quashed. For such a singular position no principle or precedent can be found. The ruling of the Court in quashing the attachment was a ruling made in a cause which was before the Court below as an appellate tribunal—it had no authority at all in the premises or over the subject, except in virtue of its appellate jurisdiction—and from any judgment or determination made in the exercise of that special jurisdiction no appeal can be brought to this Court. It follows, of course, that this appeal must be dismissed.

*Appeal dismissed with costs.*

(Decided June 21st, 1899).