## VIRGINIA PURVIS *v.* FORREST STREET APARTMENTS

[No. 13, September Term, 1979.]

*Decided December 7, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Jane E. Pilliod* and *Kathleen C. Murray* for appellant.

*Howard Cassin,* with whom were *Bass & Denick, P.A.* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

Under Maryland Code (1974, 1979 Cum. Supp.), § 12-401(d) of the Courts and Judicial Proceedings Article, an appeal in a civil case from the District Court of Maryland shall be heard on the record if the amount in controversy exceeds $500.00 or if the parties consent. If the amount in controversy is under $500.00 and there is no consent, the appeal is to be heard de novo. This case, originating in the District Court sitting in Baltimore City, involved a landlord's claims for unpaid rent and repossession of the rented premises. The dispositive issue before us is whether, on appeal from the District Court's judgment, the Baltimore City Court correctly held that the amount in controversy was less than $500.00 and that, therefore, the appeal was to be tried de novo rather than on the District Court record.

In November 1977, the defendant Virginia Purvis executed a written month-to-month lease with the plaintiff Forrest Street Apartments, which operated a federally subsidized housing project. Mrs. Purvis, at the time the lease was executed, was a participant in the federally subsidized rental assistance program. According to the terms of the lease, the total rent was $167.00 per month. The lease provided that Mrs. Purvis's share of the monthly rental was $39.00 and that the remainder, $128.00, was to be paid by the United States Department of Housing and Urban Development (HUD).

After Mrs. Purvis moved into the apartment, HUD notified Forrest Street Apartments that the number of participants in the rental assistance program would have to be reduced

by three families. By letter dated February 16, 1978, the landlord notified Mrs. Purvis that, effective February 1, 1978, her rent would no longer be subsidized under the rental assistance program, that she should pay a balance of $128.00 for February, and that beginning March 1, 1978, her rent would be $167.00 per month. Mrs. Purvis did not pay the requested February balance but paid only $39.00, her share of the subsidized rent. She paid the entire rent of $167.00 for March through June. She did not, however, pay rent for the months of July or August.

On August 31, 1978, Forrest Street Apartments initiated a summary ejectment action in District Court for possession of the premises. The landlord also sought unpaid rent and late payment charges of $487.05. Mrs. Purvis defended by arguing that, under the terms of the lease and certain Baltimore City ordinances, the landlord could not properly increase her rent in these circumstances. She claimed that she was entitled to a rent credit of $395.00, being the difference between her payment of the full rent from March through June and the portion of the rent she should have paid under the rental assistance program from March through September.

The District Court found for the tenant, holding that she was entitled to a rent credit of $395.00, and the landlord took an appeal to the Baltimore City Court.

The tenant moved in the Baltimore City Court to dismiss the appeal on the ground that the appellant landlord had failed to have the record transmitted from the District Court. She maintained that, because the amount in controversy exceeded $500.00, the appeal should have been on the record rather than de novo. The tenant argued that, in determining the amount in controversy in a case such as this where the plaintiff landlord was seeking both a sum of money and possession of the premises, the value of the right to possession should be taken into consideration along with the amount of money claimed. The tenant relied upon *Bringe v. Collins,* 274 Md. 338, 347, 335 A.2d 670 (1975), where we stated that in ascertaining "the amount in controversy" for purposes of the right to a jury trial under Art. XV, § 6, of the Maryland

Constitution,[1] in an action by a landlord to recover possession of the premises, the value of the right to possession of the premises must be considered as well as the amount of money claimed.

In response to the tenant's argument, the landlord's attorney conceded that, for purposes of a jury trial, the amount in controversy in the instant case may exceed $500.00. However, the landlord's attorney argued that, in determining the amount in controversy in order to decide whether the appeal should be on the record or should be de novo, the court should look only to the amount of money claimed by the parties, and if neither side was claiming an amount in excess of $500.00, the appeal should be de novo.

The Baltimore City Court, agreeing with the landlord that the amount in controversy did not exceed $500.00, denied the motion to dismiss and ruled that the appeal would be heard de novo. After a trial de novo, the Baltimore City Court disagreed with the District Court on the merits and rendered a judgment in favor of the landlord. We then granted the tenant's petition for a writ of certiorari.

The petition for a writ of certiorari, and the briefs and oral argument in this Court, have dealt with the underlying merits of the case as well as with the question concerning the nature of the appeal. Because, in our view, the Baltimore City Court should have granted the tenant's motion to dismiss the appeal, we do not reach any of the other issues raised.

Where the jurisdiction of a court or the nature of its jurisdiction is dependent upon a monetary value, the wording and background of the statute or constitutional provision setting the monetary amount, and the posture of the case, often must be examined in determining whether the requisite value is present. For example, some provisions conferring jurisdiction may refer to the amount or the damages "claimed"; others to the "amount involved"; others to "the real debt and damages"; others to the "value of the thing in controversy"; others to the "amount recovered," etc. *See,*

---

1. Subsequent to the decision in *Bringe,* this constitutional provision was transferred to Art. 23 of the Maryland Declaration of Rights. *See also* § 4-402(e) of the Courts and Judicial Proceedings Article of the Code.

*e.g.,* Code (1974, 1979 Cum. Supp.), § 4-401 of the Courts and Judicial Proceedings Article. Under some provisions courts have looked to the amount recovered, under some to the amount demanded in the plaintiff's declaration, and under some neither the judgment nor the demand in the initial pleadings have been deemed determinative. *See, e.g., H. J. McGrath Co. v. Wisner,* 189 Md. 260, 268, 55 A.2d 793 (1947); *Main v. Fessler,* 89 Md. 468, 469, 43 A. 917 (1899); *Rohr v. Anderson,* 51 Md. 205 (1879); *Abbott v. Gatch,* 13 Md. 314, 335-336, 71 Am. Dec. 635 (1859); *Ott v. Gill,* 7 Md. 251 (1854); *Beall v. Black,* 1 Gill 203 (1843); *O'Reilly v. Murdoch,* 1 Gill 32 (1843); *Cheek v. J. B. G. Properties, Inc.,* 28 Md. App. 29, 45-49, 344 A.2d 180 (1975); *Agnew v. Dorman,* 1 Fed. Cas. 211, 212 (Fed. Cas. No. 100) (C.C. Md. 1838, opinion of Chief Justice Taney).

The standard set forth in § 12-401(d) of the Courts and Judicial Proceedings Article of the Code for determining whether the appeal from the District Court shall be on the record is whether the District Court proceeding is "a civil case in which the amount in controversy exceeds $500." Under the "amount in controversy" test for the monetary jurisdiction of an appellate court, under circumstances where the plaintiff appeals from an adverse decision barring his entire claim, courts ordinarily look to the demand in the pleading setting forth the plaintiff's claim, including any amendments in the trial court. The Supreme Court thus pointed out in *Journal & Tribune Co. v. United States,* 254 U.S. 581, 585, 41 S.Ct. 202, 65 L.Ed. 415 (1921):

> "The amount in controversy is to be determined by the amended rather than the original petition . . .; and since there is nothing in the nature of the case to prevent a recovery of the entire amount, were claimant's view of the law sustained, the amount claimed is the amount in controversy within the meaning of the jurisdictional act, notwithstanding there may be a defense to a part that would not extend to the entire claim . . . ."

Or, as Chief Justice Taney, sitting in the United States Circuit

Court for the District of Maryland, said in deciding whether the amount in controversy was sufficient for an appeal from the district court, "the amount in dispute is shown by the claim made by one, and the denial made by the other." *Agnew v. Dorman, supra,* 1 Fed. Cas. at 212. It was also pointed out by Taney in *Agnew* that where there is a demand for property, the plaintiff's claim itself need not set forth a value for the property as long as it can otherwise be ascertained, *ibid.*[2] Finally, where a plaintiff has several different claims, it is the aggregate of the value of all claims which determines the amount in controversy. *Bullard v. Cisco,* 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254 (1933); *Frost v. Mighetto,* 22 Cal.App.2d 612, 71 P.2d 932 (1937); *Brush v. Incorporated Town of Liscomb,* 202 Iowa 1155, 211 N.W. 856 (1927); *Harris v. Specialties Distributing Co.,* 305 Mich. 373, 9 N.W.2d 645 (1943).

Applying these principles to the instant case, it seems clear that the value of the right to possession of the premises, if it can be ascertained, should be considered along with the plaintiff's initial monetary demand, in determining the nature of the appellate court's jurisdiction. The landlord's Statement of Claim in the District Court contained two distinct demands, one for $487.05 and the other for possession of the premises. The tenant denied that the landlord was entitled to any money or to the possession of the premises; in fact, the tenant herself sought $395.00.[3] The District Court judgment totally barred both of the plaintiff's claims. Consequently, if the aggregate of the value of both claims exceeded $500.00, the appeal should have been on the record.

---

2. In the landlord's brief in the instant case, the landlord, while acknowledging that the Statement of Claim in the District Court demanded possession of the property, relies on the fact that the claim did not set forth "any particular value" for the right to possession. However, where a plaintiff seeks property and loses, and then takes an appeal, he should not be able to confer jurisdiction on an appellate court to try a case de novo, or to defeat the defendant's right to an appeal on the record, simply because he omitted to allege a value for the property right, at least under circumstances where the trial court record clearly establishes a minimum value.

3. We need not, and therefore do not, consider what relevance, if any, the tenant's monetary claim might have in ascertaining the "amount in controversy."

By analogy, our opinion in *Bringe v. Collins, supra,* relied on by the tenant in the Baltimore City Court, supports this conclusion. *Bringe* involved Art. XV, § 6, of the Maryland Constitution, which guarantees the right to a jury trial in civil cases where "the amount in controversy exceeds the sum of five hundred dollars . . . ." Section 4-402(e) of the Courts and Judicial Proceedings Article of the Code also provides that in a civil action in the District Court, "in which the amount in controversy exceeds $500, a party may demand a jury trial pursuant to the Maryland District Rules." We said in *Bringe* that, in a District Court landlord-tenant action, the *claims* of the parties for money damages or for the right to possession determined the "amount in controversy" for entitlement to a jury trial. 274 Md. at 347. We specifically stated that the *value* of the right to possession was to be considered, *ibid.*

The critical language dealing with the right to a jury trial, which we interpreted in *Bringe,* is identical to the language in § 12-401(d) of the Courts and Judicial Proceedings Article dealing with an appeal on the record. Nothing in the statutory language, legislative history, or any principle of statutory construction of which we are aware, justifies giving this same wording two different meanings.

Consequently, we hold that both the $487.05 and the value of the right to possession must be considered in the present case for the purpose of deciding whether the appeal should have been on the record or de novo. If the value of the right to possession clearly exceeded $12.95, then the amount in controversy exceeded $500.00 and the appeal should have been on the record. In this event, under the circumstances of the case, dismissal of the appeal would have been the appropriate sanction for failure to have the record transmitted. Maryland District Rule 1325; Maryland Rule 825; *Goldman v. Tauber,* 258 Md. 174, 265 A.2d 225 (1970), and cases there cited.

The value of the right to possession in this case certainly was more than $12.95. In seeking possession of the premises, the landlord was attempting to obtain an order that the property be turned over to the landlord within two days after the issuance of the court order. Code (1974, 1979 Cum. Supp.),

§ 8-401(c)(3) of the Real Property Article. Therefore, a denial of this claim would require that the landlord remove the tenant by terminating the lease. In the present case a month-to-month lease is involved. For a landlord to terminate a month-to-month tenancy, the landlord must give the tenant written notice of his intention thirty days prior to the termination of the current lease, § 8-402(b)(4)(i) of the Real Property Article. Therefore, the value of the delay in gaining possession of the premises in the case at bar is at least equal to one month's rent. The apartment which Mrs. Purvis occupied had a rental value of $167.00 per month. This value had been set by the plaintiff, Forrest Street Apartments. The value to the plaintiff of the right to possession is, therefore, at least $167.00, as admitted by the plaintiff's claim for unpaid rent in an amount of $167.00 per month.

The aggregate amount of the landlord's claims, namely $487.05 for unpaid rent and $167.00 representing the minimum value to the landlord of the right to possession, was more than $500.00. Thus, the appeal should have been heard on the record, and the Baltimore City Court should have granted the motion to dismiss for failure to have the record transmitted.

> *Judgment of the Baltimore City Court reversed and case remanded to that court with directions to dismiss the appeal.*
> *Respondent to pay costs.*