537 A.2d 224

**Joseph J. BARBEE**

v.

**Nancy A. BARBEE.**

**No. 67, Sept. Term, 1987.**

Court of Appeals of Maryland.

Feb. 11, 1988.

Stuart N. Braiterman, Towson, for appellant.

Robert L. Beaman, Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

MURPHY, Chief Judge.

This case involves Maryland's Domestic Violence Act (the Act), Maryland Code (1984, 1987 Cum.Supp.), §§ 4–501

through 4–515 of the Family Law Article, and whether appeals arising under its provisions from the District Court of Maryland to a circuit court are to be heard on the record or de novo.

## I

The Act, in § 4–504, authorizes a "household member" to file a sworn petition, either in a circuit court or in the District Court of Maryland, alleging "abuse . . . by another household member."[1] Section 4–501(e) defines " 'Household members' " to mean "spouses, parents, children, or blood relatives who live together at the time of an act of abuse"; " 'Abuse' " is defined in subsection (b) in terms of acts causing or threatening to cause serious bodily harm to a household member. " 'Family home' " is defined in subsection (d) to mean the principal residence of the household members.

If, upon review of the petition filed under § 4–504, the court finds that a household member has been abused, § 4–505 authorizes it, in an ex parte proceeding, to enter a temporary protective order prohibiting, *inter alia,* abuse of the household member, requiring that the alleged abuser vacate the family home, and awarding temporary custody of a minor household member. Section 4–506 permits the "household member" against whom the temporary protective order has been filed to be heard on the question of whether the court should issue a final protective order. That section also authorizes the court to "grant a protective order to stop the abuse" if it finds "by clear and convincing evidence that the alleged abuse has occurred." Violation of

---

**1.** Maryland Code (1984), § 4–404 of the Courts and Judicial Proceedings Article provides that the District Court has concurrent jurisdiction with the circuit court in proceedings under the Act "and has the powers of a court in equity in those proceedings." In addition, § 4–501(c) of the Family Law Article defines the word " 'Court' " to mean "the District Court or a circuit court in this State."

protective orders may be punished under § 4–507 by contempt, criminal prosecution, imprisonment or fine or both.

## II

Nancy Barbee, a Baltimore City resident, filed a "Petition for Protection Against Domestic Violence" in the District Court of Maryland, sitting in Baltimore City, against Joseph Barbee, her husband. According to the pleadings, the husband then resided in Henderson, Maryland, rather than in the family home in Baltimore City. The wife alleged that the husband struck her with his fists on November 24, 1986 outside of a courtroom; that he threatened her two days later at her place of employment; and that her two oldest children were afraid of the husband. The District Court, by temporary ex parte order, directed that the husband refrain from abusing the wife and other household members. At a subsequent hearing, at which the husband was represented by counsel, the District Court issued a final order that the husband refrain from abusing the wife, that temporary custody of the children residing within the family home be awarded to the wife, and that the husband not contact or visit the family for any reason.

The husband appealed to the Circuit Court for Baltimore City, pursuant to § 12–401 of the Courts Article. That section, which governs appeals from final judgments entered in the District Court, provides in subsection (d):

"(d) *De novo and on record appeals.*—In a civil case in which the amount in controversy exceeds $1,000 exclusive of interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract, and in any case in which the parties so agree, an appeal shall be heard on the record made in the District Court. In every other case, including a criminal case in which sentence has been imposed or suspended following a plea of nolo contendere or guilty, and an appeal in a municipal infraction or Code violation case, an appeal shall be tried de novo."

The wife moved to dismiss the appeal. She claimed that the case involved an "amount in controversy" in excess of $1,000 and consequently had to be tried on the record, rather than de novo. She urged that the husband's failure to provide the requisite transcript of District Court proceedings required that the appeal be dismissed. The court (Johnson, J.) agreed and dismissed the appeal. We subsequently granted the husband's petition for certiorari (*see* § 12–305 of the Courts Article) to determine whether an appeal under the Domestic Violence Act, as here, involves an "amount in controversy" in excess of $1,000 which must be tried on the record.

### III

Petitions filed under the Domestic Violence Act are plainly civil cases, equitable in nature. In considering the "amount in controversy" provisions of § 12–401(d) of the Courts Article, as applied to appeals from final District Court orders under the Act, we seek to ascertain and effectuate legislative intent, the primary source of which is found in the language of the statute. *In Re Ramont K.*, 305 Md. 482, 505 A.2d 507 (1986). This language must be given its natural and ordinary signification, bearing in mind the statutory purpose, aim and objectives. *Kaczorowski v. City of Baltimore*, 309 Md. 505, 525 A.2d 628 (1987). That the Act was designed to aid victims of domestic abuse by providing an immediate and effective nonmonetary remedy is readily apparent. To this end the Legislature empowered courts to order that the abuse be stopped, that the abuser leave the family home, and that other specified protective devices be implemented, all to protect the victims' immediate and future safety. No provision is contained in the Act which permits a monetary award to any party in the proceeding, nor did the wife make any such claim in this case. The Legislature never intended in such circumstances that a monetary amount would be a determinative factor governing the mode of appeal from final District Court protective

orders under the Act. Thus, the appeal to the circuit court in this case must be tried de novo under § 12–401(d) of the Courts Article.

In so concluding, we have considered *Purvis v. Forrest Street Apts.*, 286 Md. 398, 408 A.2d 388 (1979), a summary ejectment action brought by a landlord in the District Court to regain possession of the premises and to collect past due rent totalling $487. As the applicable jurisdictional amount under § 12–401(d) at that time was $500, the circuit court, on appeal, determined that the jurisdictional amount was not satisfied and therefore ordered that the trial be de novo. In reversing that judgment, we concluded that the value of the right to possession in a month-to-month tenancy was equal to at least one month's rent and was properly added to the claim for unpaid rent, thereby exceeding the requisite jurisdictional amount for a record appeal. Our holding in *Purvis* was limited to a monetary value that was ascertainable; we said "that the value of the right to possession of the premises, *if it can be ascertained,* should be considered along with the plaintiff's initial monetary demand [for unpaid rent] in determining the nature of the appellate court's jurisdiction." 286 Md. at 403, 408 A.2d 388 (emphasis added). Unlike *Purvis,* the matters here involved, and protected under the Domestic Violence Act, i.e. to be free of spousal abuse, and to be awarded temporary custody of children, were not intended by the Legislature to be valued in monetary terms; hence, there is no monetary "amount in controversy" under the circumstances of this case.[2]

---

2. For other cases of interest, *see Carroll v. Housing Opportunities Comm'n,* 306 Md. 515, 510 A.2d 540 (1986) (in computing the $500 amount in controversy in a demand for a jury trial pursuant to Art. 23 of the Declaration of Rights and an implementing statute, the court must consider the value of the tenant's continued possession of the rental property); *Bringe v. Collins,* 274 Md. 338, 335 A.2d 670 (1975) (court must consider both claim for money damages and claim of value of right to possession in leasehold estate in determining whether "amount in controversy" satisfied the State constitutional right to a jury trial).

Nor does *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), upon which the wife also places reliance, support a different result. There, the Supreme Court referred to the fundamental liberty interest of a parent in a child as "far more precious than any property right." 455 U.S. at 758–59, 102 S.Ct. at 1397. From this, the wife reasons that a monetary value in excess of $1,000 must be placed on the protection of such familial relationships under the Act's provisions. We agree that familial relationships may be precious, but that does not make their value ascertainable in monetary terms within the contemplation of § 12–401(d) of the Courts Article.

More in point, and consistent with the legislative intent in enacting the Domestic Violence Act, is *Carten v. Carten*, 153 Conn. 603, 219 A.2d 711 (1966), involving an equity action to enforce discovery. Noting that no damages were claimed nor was any pecuniary value asserted, the court determined that the value of the right to disclosure of facts could not be given a monetary value. Thus, the court approved the proposition, citing authority, that when the jurisdiction of an inferior court is made by statute to depend on a specified amount, the jurisdiction does not attach to any case in which the right involved cannot be calculated in money. 219 A.2d at 715.

As the husband was entitled to a de novo appeal in this case, the trial court was in error in dismissing the appeal.[3]

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY DISMISSING THE APPEAL VACATED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION; COSTS TO BE PAID BY THE APPELLEE.

---

**3.** On remand, the circuit court must consider whether the provisions of the Domestic Violence Act were properly invoked. As earlier observed, it does not appear that the husband and wife resided together at the family home at the time of the alleged abuse, an apparent requisite under the Act before its provisions may become applicable.