666 A.2d 1233

Tyzanna COTTMAN

v.

**PRINCESS ANNE VILLAS.**

**No. 32, Sept. Term, 1995.**

Court of Appeals of Maryland.

Nov. 7, 1995.

Franzella Hayward Starkey (Legal Aid Bureau, Inc.), Salisbury, for Petitioner.

Jack A. Willing, Jr. (Charles A. Bruce, Jr., Jones & Bruce, P.A., on brief), Princess Anne, for Respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RODOWSKY, Judge.

In this case we reaffirm that, on an appeal from the District Court of Maryland, the amount in controversy in an action for possession of leased premises is determined by the fair market rent for the period of possession involved in the controversy.

Respondent, Princess Anne Villas (Princess Anne), is a federally subsidized housing project financed by the Farmers Home Administration (FmHA). Beginning October 1, 1987 Petitioner, Tyzanna Cottman (Cottman), entered into a series of yearly leases with Princess Anne. During the October 1, 1992 to September 30, 1993 renewal Cottman was late paying her rent in seven of the months. Princess Anne gave timely notice that it would not renew the lease because of those delinquencies. In a second notice, threatening eviction if Cottman held over, Princess Anne set the fair market rent of the unit at $575 per month. Cottman held over, and Princess Anne, *inter alia*, filed a complaint in the District Court seeking possession for breach of the lease.

The District Court entered judgment for Cottman. She was then twenty-nine years old, and there is no evidence that she was not in good health. Her monthly federal subsidy of $188 and monthly rental payment of $167 totaled $355 per month (the aggregate rent).

Princess Anne appealed to the circuit court, but did not request a transcript. Thereafter Cottman moved in the circuit court to strike the appeal for failure to transmit the record within sixty days of filing the appeal. Maryland Rule 7–108. She argued that the appeal should be heard on the record

because the value of her property interest in her tenancy exceeded $2,500. The circuit court denied the motion, reasoning that the amount in controversy was $167, *i.e.*, one month's rent that Cottman, herself, paid. After the circuit court entered judgment against Cottman ordering restitution of the premises with costs and payment of escrowed rent to Princess Anne, Cottman petitioned this Court for certiorari. We granted the writ.

■ Appeals in civil actions from the District Court are heard on the record where the amount in controversy exceeds $2,500, exclusive of interest, costs, and attorney's fees. Md. Code (1974, 1995 Repl.Vol.), § 12–401(f) of the Courts and Judicial Proceedings Article. A required component of the record is a transcript of the District Court proceeding. Md. Rule 7–109. Here, if the amount in controversy exceeded $2,500, it was Princess Anne's responsibility to order a transcript within ten days of noting the appeal, and the circuit court should have dismissed the appeal for failure to transmit the record. Md.Rules 7–113 and 7–114.

■ In its District Court claim for breach of lease, Princess Anne limited its requested relief to possession of the unit. Under those circumstances, *Purvis v. Forrest Street Apartments*, 286 Md. 398, 408 A.2d 388 (1979), makes the value of the tenant's right to possession determinative of the "amount in controversy." *Id.* at 404, 408 A.2d at 391. As a tenant in a federally subsidized housing unit Cottman had a continuing right of possession to the unit for an indefinite time period. *Carroll v. Housing Opportunities Comm'n*, 306 Md. 515, 525, 510 A.2d 540, 545 (1986); *see* 7 C.F.R. §§ 1930, Subpart C, Exhibit B (XIV) and 1944.553(f) (1995) (stating provisions applicable to FmHA housing). Even the "expiration of the lease ... is not sufficient grounds for eviction...." 7 C.F.R. § 1930, Subpart C, Exhibit B (XIV)(A)(1)(c). A tenant in federally subsidized housing can only be evicted for "material noncompliance" with the lease or other good cause.

*Id.* at (A)(1).[1] In *Carroll* we rejected a method of calculation that was substantially the method employed by the circuit court in this case. Writing for the Court in *Carroll*, Judge Eldridge said:

> "[I]n determining the value to the tenant of remaining in possession, one must consider not simply the monthly rental Mrs. Carroll is paying for her federally subsidized townhouse but the fair market rent for comparable housing in the area. Moreover, the time period for which the tenant has a right to continued possession must be taken into account. While the lease states that the tenancy is month to month, under applicable regulations and case law, Mrs. Carroll has a right to remain in her townhouse indefinitely until the Commission can establish good cause for eviction. Accordingly, the value of this potential flow of future federal rent subsidies is a critical factor."

*Id.* at 525, 510 A.2d at 545.

 Accordingly, to value Cottman's right to possession the circuit court should have begun with the fair market rent for the unit.[2] Then, it should have determined whether the fair market rent "over [her] remaining life span, or at least over a period of years" was greater than $2,500. *Id.* at 527, 510 A.2d at 546. *See also Joy v. Daniels*, 479 F.2d 1236, 1239 n. 6 (4th Cir.1973); *Anderson v. Denny*, 365 F.Supp. 1254, 1259 (W.D.Va.1973). Here the aggregate rent was $355 a month or $4,260 a year, and Princess Anne set $575 a month, or $7,900 a year, as the fair market rent. Even if we consider only the one year renewal of the lease that Princess Anne withheld, Cottman's right to possession exceeded $2,500.

We hold that review of the District Court decision should have been on the record and that the circuit court erred in not dismissing Princess Anne's appeal.

---

1. Princess Anne's contention on the merits is that repeated late payment of rent constitutes material noncompliance. Because we decide this certiorari review on procedural grounds, we do not reach the merits of Princess Anne's substantive contention.

2. The aggregate rent ordinarily would be evidence of fair market rent.

**300**

*JUDGMENT OF THE CIRCUIT COURT FOR SOMER-SET COUNTY REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE APPEAL BY PRINCESS ANNE VILLAS. COSTS TO BE PAID BY THE RESPONDENT, PRINCESS ANNE VIL-LAS.*