WEAVER *v.* STATE

[No. 526, September Term, 1965.]

*Decided December 12, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Archie D. Williams* for appellant.

*John C. Cooper, III, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *R. Samuel Jett, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The question posed by this appeal is whether or not the Municipal Court of Baltimore City, absent the signing of a formal order of contempt and the giving of reasonable time to make a defense, had jurisdiction to punish for a contempt arising out of the failure of a party defendant to appear at the postponed hearing of a case in obedience to an oral command given by the court at the time of postponement.

In this proceeding, the plaintiff-appellee is the State of Maryland and the defendant-appellant is Maybelle Weaver. The de-

fendant and her mother were charged with separate violations of the housing regulations on or about the same time. When the defendant, who had not been summoned, appeared in court on July 15, 1965 to represent her invalid mother, who had been summoned, the defendant sought to have the case against her heard with that of her mother. Apparently the case against the mother was heard but, because the case against the defendant was not on the calendar for that day, it was postponed until August 19, 1965 and the defendant was told to be present in court on that date. The defendant, however, who had a prior engagement on the same day that she wanted to keep, consulted an attorney and, on his advice, left the city and failed to appear in the municipal court as scheduled. When the defendant finally appeared in court on August 31, 1965 she was served with the summons theretofore issued on the housing charge against her and, according to the State, was also orally cited for contempt, for which she was tried forthwith and fined $25 and costs. On appeal to the Criminal Court of Baltimore, the judgment of the municipal court was affirmed and the appeal to this Court followed.

The power of the Municipal Court to punish for contempt is regulated by § 121 of Article 26 of the Code (1965 Cum. Sup.) providing that—

> "The Municipal Court shall have the same power as possessed by the several courts of this State to issue attachments and inflict summary punishments for direct contempts, committed in the presence of the Municipal Court, or so near to said court as to interrupt its proceedings, in the types of cases set forth in § 4 of this article. The procedure in such cases shall be as provided for direct contempts under § 5 of this article."

Section 4 of Article 26 provides in pertinent part that:

> "The power of the several courts of this State to issue attachments and inflict summary punishments for contempt of courts shall not be construed to extend to any cases except the following: * * *; (3) the disobedience or resistence by any officer of the said courts,

party, juror, witness or any other person or persons to any lawful writ, process, order, rule, decree or command of the said courts; * * *."

Procedurally, before it was repealed following the adoption of Subtitle P (Contempt) of the Maryland Rules of Procedure, § 5 of Article 26 provided in substance that the courts should sign a formal order and state therein the contempt alleged to have been committed and that the record in such cases should consist of the order of contempt, the affidavits filed by the party adjudged in contempt, the affidavits filed by the State's Attorney in support of the action of the court and such testimony as was offered by the parties.

Maryland Rule P3 b provides in part that "where a direct contempt is committed, the court shall sign a written order to that effect," but the rules of procedure, except by necessary implication in some cases,[1] do not apply to the Municipal Court of Baltimore City.

On appeal to this Court, the appellant, in addition to claiming that the municipal court was without jurisdiction to give her a valid command to appear because she had not then been summoned in the housing violation case, also contends that the court lacked jurisdiction to punish her because the alleged contempt was not committed in the presence of the court or so near to it as to interrupt its proceedings. On the other hand, the State, besides claiming that the appellant, having voluntarily appeared and sought an immediate hearing of her case along with that of her mother, had thereby waived service of process and consented to the jurisdiction of the court, contends that the court is a constitutional court with inherent power to punish for contempt.

Essentially, the only contentions requiring a decision in this case are (i) whether or not the failure of the appellant to obey the oral order or command of the municipal court to attend the postponed hearing constituted a direct contempt under the provisions of subsection (3) of § 4 of Article 26 and (ii) whether

---

1. See Rule 1 a as to the scope of the Maryland Rules and Rule 5 i as to the definition of "Courts."

or not the court should have signed a formal order stating the reasons for the citation of contempt and have afforded the defendant reasonable time to make a defense.

(i)

It is apparent that what the appellant did was contemptuous. Moreover, although the contemptuous act was not committed in the presence of the court or (assuming that "so near" has a "proximity" rather than a "causal" connotation) so near thereto as to interrupt the proceedings, it is apparent from the record that such action did nevertheless interfere with the expeditious conduct of the business of the court. Even more to the point, there is not the slightest doubt that the statute (§ 4 of Article 26) enumerating the types of contempt for which a court may issue an attachment and inflict summary punishment, though not all inclusive, relates to direct contempts. See *Baltimore Radio Show v. State,* 193 Md. 300, 67 A. 2d 497 (1949), *cert. den.* 338 U. S. 912 (1950) and *Hitzelberger v. State,* 173 Md. 435, 196 Atl. 288 (1939). Finally, that the disobedience of a party or witness to a lawful order or command of the municipal court was intended to be a direct contempt is clearly indicated by the enactment of § 118 of Article 26 providing that the imposition of a fine on a witness for failure to attend in response to a summons should not "be construed as limiting the power of the court * * * to punish for *direct* contempt." [Italics ours.]

In *Maddox v. Maddox,* 174 Md. 470, 199 Atl. 507 (1938), it was said that the subtle defeat of an order of court is a contempt. Courts in other jurisdictions have held that it is contempt of court for a person to disregard an order, made by a court having authority to make it, of which he has knowledge. See 17 Am. Jur. 2d, *Contempt,* § 34. Moreover, the fact that failure to comply with a judicial command was based on advice of counsel is generally held to be no justification. *Op.cit. supra,* § 53.

(ii)

While the general rule is that a person who commits contempt in the presence of a court or so near to it as to interrupt its proceedings is not entitled to notice or time in which to make

a defense, that has not been the practice in this State since June 1, 1957. After that date when a person was deemed to have committed a direct contempt, the law and equity courts were (under § 5 of Article 26) and still are (under Rule P3 b) required to sign a formal or written order to that effect of which, presumably, the alleged contemnor had notice. Now under the rules of procedure, it is further provided, among other things, that the order "shall recite the facts, be signed by the judge and entered of record." See Rule P3 b. The Municipal Court of Baltimore City is not a court of record, but because it is required to analogize its practice with that of the law courts under Rules 1 a, 5 i and P3 b, we think the court should have signed a formal order stating the reason for the citation of contempt, have given notice to the alleged contemnor by way of summons, attachment or otherwise, and have allowed a reasonable time for the filing of an affidavit of defense. Notice is required, not only because the person cited is entitled thereto but in order to avoid any question as to the lack of due process.

*Judgment reversed; costs to be paid by the Mayor and City Council of Baltimore.*