DAHL W. WELBORN *v.* WARDEN, MARYLAND
PENITENTIARY

[No. 2, September Term, 1967.]

---

352

*Decided November 7, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of January 31, 1967, of Judge E. McMaster Duer, presiding in the Circuit Court for Worcester County, denying relief sought by the applicant under the Uniform Post Conviction Procedure Act.

On June 22, 1965, the applicant pleaded guilty in the Circuit Court for Worcester County, Judge Daniel T. Prettyman presiding, on three informations filed against him charging false pretenses. In each case he was found guilty and sentenced to a term of three years, the sentences to run concurrently. The sentences were suspended and the appellant was placed on proba-

tion, the docket entries reading the same in each case as follows:

"Sentence suspended and defendant placed on probation with the Department of Parole and Probation subject to their usual conditions and upon the following additional conditions: That within ninety (90) days after being placed on probation or parole from the charges now pending against him in other counties of this State he make restitution for Court costs, including Court Appointed Counsel fees. That within one (1) year after being placed on probation or parole from the charges now pending against him in other counties of this State he make restitution to the Exchange & Savings Bank of Berlin, Maryland, the principal amount of the checks in a weekly amount to be determined by the Department of Parole and Probation. He is to furnish support and maintenance for his wife and minor children in such an amount to be determined by the Department of Parole and Probation after consultation with the Court.

He is not to consume any alcoholic beverage and he is to go to the Wicomico County Mental Health Clinic for as long as the attending psychiatrist deems same to be necessary."

On August 17, 1965, Judge Prettyman, upon petition, issued a warrant charging the applicant with having violated his probation by consuming alcoholic beverages. After a hearing before Judge Prettyman on February 18, 1966, at which the applicant was represented by counsel, he was found guilty. The court ordered that the suspension of confinement of June 22, 1965, be revoked in each case and that the applicant be confined for a term of three years in each case, accounting from February 18, 1966, the sentences to run concurrently. The judgment was not appealed. On August 29, 1966, the applicant filed a petition for relief under the Uniform Post Conviction Procedure Act alleging in substance that the evidence was not sufficient to sustain the conviction of violation of probation. At the hearing on the petition he also alleged that he was not informed of his right

to appeal. The application for leave to appeal, filed February 17, 1967, in proper person, contained no statement of the reasons why the order denying relief should be reversed or modified, but a "supplemental application for leave to appeal" filed on June 22, 1967, by counsel appointed for him stated:

> "That the evidence presented at the hearing for the revocation of the probation for the said appellant did not substantiate the asserted violation of the condition of probation in that the said appellant had consumed alcoholic beverages."

It has been held that an appeal would lie from the revocation of a suspended sentence and the striking out of probation, "if only for the purpose of determining whether that discretion [given to the trial court] has been abused in any way, or whether an erroneous construction has been placed by the trial judge on the conditions of parole." *Coleman v. State,* 231 Md. 220, 222 quoting *Swan v. State,* 200 Md. 420. Thus, since the allegation that the evidence was not sufficient to "substantiate the asserted violation of the condition of probation" could have been raised on direct appeal (whether or not such appeal was actually taken), it is presumed that the applicant intelligently and knowingly failed to make such allegation. Md. Rules, BK 48b (as amended effective September 1, 1967). Failure of counsel or the court to inform the applicant of his right to appeal is not the equivalent of a denial of that right and is not grounds for relief under the Uniform Post Conviction Procedure Act. *Ross v. Warden,* 1 Md. App. 46; *Montgomery v. Warden,* 1 Md. App. 30; *Nixon v. Director,* 1 Md. App. 14. No proper special circumstances to excuse the failure to make the allegation having been made, such allegation is deemed to have been waived. Md. Rules, BK 48a (as amended effective September 1, 1967); Md. Code (1967 Repl. Vol.) Art. 27, § 645 A c. The provisions of Md. Code, *supra,* Art. 27, § 645 A d are not here applicable.

In any event, assuming, without deciding, that the revocation of a suspension of sentence is properly subject to collateral attack under the post conviction procedures, the sufficiency of the evidence is no ground for post conviction relief. *Meadows*

*v. Warden,* 243 Md. 710; *Johnson v. Director,* 243 Md. 708; *Ross v. Warden, supra; Nixon v. Director, supra.*

*Application denied.*

[No. 7, September Term, 1967.]

*Decided November 7, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.