# BURCH *v.* STATE OF MARYLAND

[No. 28, September Term, 1976.]

*Decided November 3, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Barry J. Renbaum, Assistant Public Defender*, with whom was *Alan H. Murrell, Public Defender*, on the brief, for appellant.

Submitted on brief by *Francis B. Burch, Attorney General, Clarence W. Sharp* and *Alexander L. Cummings, Assistant Attorneys General*, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

The question presented in this criminal case is whether the District Court's order revoking probation and reinstating previously suspended sentences is a final judgment appealable to the Criminal Court of Baltimore or to the circuit court of a county pursuant to Maryland Code (1974, 1976 Cum. Supp.), § 12-401 of the Courts and Judicial Proceedings Article.

The petitioner, Linda Sue Burch, was convicted on November 29, 1973, in the District Court of Maryland, Baltimore City, on one count charging possession of narcotics paraphernalia and four counts charging failure to appear. She was sentenced to four years' imprisonment on the narcotics charge and one year on each of the other charges, all sentences to run concurrently. The execution of the sentences was suspended, and Miss Burch was placed on probation for three years.

Almost two years later, on October 31, 1975, Miss Burch was brought before the District Court on a charge of violation of probation. After a hearing, the district judge revoked the probation and struck out the suspension of the sentences, thereby reinstating the previously suspended sentences. Miss Burch then took a timely appeal to the Criminal Court of Baltimore from the revocation of probation. However, upon the State's motion, the Criminal Court dismissed the appeal, holding that no appeal may be taken from an order of the District Court revoking probation and reinstating previously suspended sentences.

This Court granted Miss Burch's petition for a writ of certiorari to review the Criminal Court's dismissal of the

appeal. Since, in our view, the order of the District Court revoking probation was appealable, we shall reverse.

The basic statutory provision governing the right to appeal from the District Court is § 12-401 of the Courts and Judicial Proceedings Article. That section provides in pertinent part:

"§ 12-401. Right of appeal generally.

"(a) *Civil and criminal cases.* — A party in a civil case or the defendant in a criminal case may appeal from a final judgment entered in the District Court. In a criminal case, the State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended.

\* \* \*

"(c) *De novo and on record appeals.* — In a civil case in which the amount in controversy exceeds $500, and in any case in which the parties so agree, an appeal shall be heard on the record made in the District Court. In every other case, including a criminal case in which sentence has been imposed or suspended following a plea of nolo contendere or guilty, an appeal shall be tried de novo." [1]

Subsection (a) of § 12-401 thus grants to a criminal defendant, without qualification, the right to appeal from a final judgment in the District Court. And in *Swan v. State,* 200 Md. 420, 425-426, 90 A. 2d 690 (1952), although decided before the establishment of the District Court and involving an order of a circuit court revoking probation, this Court flatly held that an order revoking probation and reinstating

---

1. Under § 12-403 of the Courts and Judicial Proceedings Article, an appeal from the District Court sitting in one of the counties shall be taken to the circuit court of the county, but an appeal from the District Court sitting in Baltimore City, in a criminal case, shall be taken to the Criminal Court of Baltimore.

a suspended sentence was a final judgment from which an appeal would lie. The holding of *Swan* has been reaffirmed on several occasions. *Skinker v. State*, 239 Md. 234, 235-236, 210 A. 2d 716 (1965); *Coleman v. State*, 231 Md. 220, 222, 189 A. 2d 616 (1963); *Edwardsen v. State*, 220 Md. 82, 88-89, 151 A. 2d 132 (1959); *Knight v. State*, 7 Md. App. 313, 317, 255 A. 2d 441 (1969); *Finnegan v. State*, 4 Md. App. 396, 401, 243 A. 2d 36 (1968); *Welborn v. Warden*, 2 Md. App. 351, 354, 234 A. 2d 633 (1967).

The plain language of § 12-401 (a) of the Courts and Judicial Proceedings Article, authorizing an appeal by a defendant from a final judgment entered in the District Court in a criminal case, coupled with the consistent holdings that an order revoking probation is a final judgment, would seem to compel the conclusion that the statute permits an appeal from a District Court order revoking probation.

In holding that the Legislature did not intend to permit an appeal from a District Court order revoking probation, the court below relied on the last sentence in § 12-401 (a) which states: "In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended." The court below concluded that, because of this language, "if you are going to appeal from the District Court, even though you may get probation, you have got to appeal within 30 days from the original trial date . . . ." However, as this Court has stated, " '[a] statute should be construed according to the ordinary and natural import of the language used . . . without resorting to subtle or forced interpretations for the purpose of . . . limiting its operation.' " *Balto. County v. White*, 235 Md. 212, 218, 201 A. 2d 358 (1964). *See*, in addition, *Slate v. Zitomer*, 275 Md. 534, 539, 341 A. 2d 789 (1975); *Grosvenor v. Supervisor of Assess.*, 271 Md. 232, 237-238, 315 A. 2d 758 (1974); *Radio Com., Inc. v. Public Serv. Comm'n*, 271 Md. 82, 93, 314 A. 2d 118 (1974); *Amalgamated Ins. v. Helms*, 239 Md. 529, 535-536, 212 A. 2d 311 (1965); *Md. Medical Service v. Carver*, 238 Md. 466, 478, 209 A. 2d 582 (1965). By its clear terms, the statutory provision permitting an appeal where sentence is suspended

does not purport to limit the right of appeal from a final District Court judgment. It merely authorizes an appeal at an earlier stage in the event that the defendant desires review of the guilty verdict or of the sentence announced even though the sentence is being suspended and he is being placed on probation.

The history of the provision authorizing an appeal where sentence is suspended makes it clear that there was no intent to preclude appellate review of orders revoking probation. The identical provision is contained in § 12-301 of the Courts and Judicial Proceedings Article, setting forth the right of a criminal defendant to appeal from a circuit court to the Court of Special Appeals.[2] This provision, permitting an appeal even though sentence was suspended, was first enacted in 1927. *See* Ch. 608 of the Acts of 1927; *see also* Ch. 399 of the Acts of 1957. It was enacted to overturn this Court's decision in *Symington III v. State*, 133 Md. 452, 105 A. 541 (1919), holding that no appeal would lie where a criminal defendant had been found guilty but where sentence had been suspended, as there was no final judgment in such case.

Consequently, in 1952 when this Court in *Swan v. State*, *supra*, held that an appeal would lie from an order of a circuit court or the Criminal Court of Baltimore revoking probation and reinstating a previously suspended sentence, there was also a statutory right of appeal from the determination at the original trial finding the defendant guilty and suspending sentence. The fact that an appeal could have been taken from the earlier action determining guilt, suspending sentence and placing the defendant on probation, was not viewed by the Court in *Swan* as indicating a legislative intent to preclude appellate review of the later order revoking probation.

---

2. Section 12-301 provides (emphasis supplied):

"Except as provided in § 12-302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. *In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended.*"

Of course, as an appeal is statutorily authorized from the action of the court at the original criminal trial even though the imposition or execution of sentence has been suspended, any direct appellate challenge to the original trial determination must be made in a timely appeal from that determination. On an appeal from a later order revoking probation and reinstating the suspended sentence, appellate review is limited to any claimed error in the revocation order. *Coleman v. State, supra,* 231 Md. at 223; *Hite v. State,* 198 Md. 602, 607-608, 84 A. 2d 899 (1951). In an appeal from an order of a circuit court or the Criminal Court of Baltimore revoking probation, appellate review will normally be limited to determining whether the "discretion [of the trial judge] has been abused in any way, or whether an erroneous construction has been placed by the trial judge on the conditions of the" probation, *Swan v. State, supra,* 200 Md. at 426. On the other hand, since appellate review of District Court determinations in criminal cases is de novo under § 12-401 (c) of the Courts and Judicial Proceedings Article, the scope of review of a District Court order revoking probation will be somewhat greater. Nevertheless, such de novo appellate consideration must still be limited to the order revoking probation and does not extend to determinations made at the original trial. *Hite v. State, supra,* 198 Md. at 608-609.

> *Judgment of the Criminal Court of Baltimore reversed, and case remanded for further proceedings not inconsistent with this opinion.*
>
> *Costs to be paid by the Mayor and City Council of Baltimore.*