540 A.2d 124

**Altian HARPER**

v.

**STATE of Maryland.**

**No. 154, Sept. Term, 1986.**

Court of Appeals of Maryland.

April 21, 1988.

George E. Burns, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender and Mary Ann Berlin, Asst. Public Defender, on the brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH *, McAULIFFE and ADKINS, JJ.

ELDRIDGE, Judge.

The issue before us concerns the nature of an appeal from the District Court to a circuit court in a direct criminal contempt case.

The District Court of Maryland, sitting in Baltimore City, found Altian Harper to be in direct criminal contempt of the court and sentenced Mr. Harper to ninety days imprisonment. The District Court's adjudication of direct contempt was based on the Court's findings concerning an altercation in the courtroom between Mr. Harper and several law enforcement officers. The altercation was in the presence of the court and occurred after a preliminary hearing involving Mr. Harper.

Mr. Harper took a timely appeal from the District Court judgment to the Circuit Court for Baltimore City. In the Circuit Court, Mr. Harper filed a plea of not guilty and elected a de novo trial before a jury. Following pre-trial motions and responses by both the State and the defendant, in apparent anticipation of a circuit court trial de novo, the case was called for trial in the Circuit Court for Baltimore City on October 22, 1986. At that time the Circuit Court, apparently sua sponte, held that the defendant was not entitled to a trial de novo on appeal. The Court rejected the

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

defendant's request for a trial de novo before a jury and ruled that the appeal would be on the District Court record. The Circuit Court, upon review of the District Court record, affirmed.

Mr. Harper then filed in this Court a petition for a writ of certiorari, claiming that the Circuit Court for Baltimore City erred in denying him a trial de novo before a jury. We granted the petition and shall reverse.

Maryland Code (1974, 1984 Repl.Vol., 1987 Cum.Supp.), § 12-401(a) of the Courts and Judicial Proceedings Article, grants a party in a civil case and a defendant in a criminal case the right to appeal from a District Court final judgment.[1] Section 12-401(d), after providing that an appeal shall be on the District Court record in a specified category of civil cases and where the parties so agree, states that "[i]n every other case, including a criminal case ..., an appeal shall be tried de novo." Section 12-401(e) provides that in a de novo criminal appeal the defendant is entitled to a jury trial if the offense is subject to a penalty of imprisonment.[2]

---

1. Section 12-401(a) reads as follows:

"(a) *Civil and criminal cases.*—A party in a civil case or the defendant in a criminal case may appeal from a final judgment entered in the District Court. In a criminal case, the State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended."

2. Sections 12-401(d) and (e) provide as follows:

"(d) *De novo and on record appeals.*—In a civil case in which the amount in controversy exceeds $2,500 exclusive of interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract, and in any case in which the parties so agree, an appeal shall be heard on the record made in the District Court. In every other case, including a criminal case in which sentence has been imposed or suspended following a plea of nolo contendere or guilty, and an appeal in a municipal infraction or Code violation case, an appeal shall be tried de novo.

"(e) *Right to jury trial.*—In a criminal appeal that is tried de novo, there is no right to a jury trial unless the offense charged is subject

Section 12–402 of the Courts and Judicial Proceedings Article specifically authorizes any person to appeal from a District Court order adjudicating him in contempt, whether the order is final or interlocutory and whether the person is a party to the underlying action or not.[3] Finally, § 12–403 states that, in Baltimore City, appeals from the District Court shall be taken to the Circuit Court for Baltimore City.[4]

■ Under the plain language of § 12–401(d) and § 12–401(e), Mr. Harper was entitled to a de novo trial before a jury on his appeal. Subsection (d) provides that appeals from the District Court to circuit courts are on the record only in civil cases involving more than a specified amount in controversy and in cases where the parties agree. In "every other case" the "appeal shall be tried de novo." The instant proceeding clearly falls within the category of "every other case." As direct criminal contempt is subject to a penalty of imprisonment, subsection (e) grants a right to a jury trial on the de novo appeal.

The State does not argue that the language of §§ 12–401(d) and 12–401(e) would not entitle the defendant to a de

---

to a penalty of imprisonment or unless there is a constitutional right to a jury trial for that offense."

**3.** Section 12–402 is as follows:
"**§ 12–402. Appeals in contempt cases.**
   Any person may appeal from any order or judgment passed to preserve the power or vindicate the dignity of the court and adjudging him in contempt of court. This includes an interlocutory order, remedial in nature, adjudging any person in contempt, whether or not a party to the action."

**4.** Section 12–403 provides as follows:
"**§ 12–403. Court to which appeal taken.**
   (a) *Counties.*—An appeal from the District Court sitting in one of the counties shall be taken to the circuit court of the county in which judgment was entered. In Montgomery County, an appeal from the District Court sitting as a juvenile court shall be as provided for in § 3–832 of this article.
   (b) *Baltimore City.*—An appeal from the District Court sitting in Baltimore City shall be taken to the Circuit Court for Baltimore City."

novo jury trial if those provisions were applicable to this case. Instead, the State maintains that §§ 12–401(d) and 12–401(e) are entirely inapplicable to appeals in contempt cases. The State's position is that §§ 12–401(d) and 12–401(e) apply only to appeals authorized by § 12–401(a), and that § 12–401(a), while providing a general right of appeal from decisions of the District Court, is inapplicable to contempt cases. The reason for § 12–401(a)'s inapplicability to contempt cases, according to the State, is that § 12–402 provides for a right of appeal in contempt cases. Consequently, the State's argument continues, if § 12–401(a) were construed to encompass contempt appeals, § 12–402 would be rendered superfluous.[5] The State's argument assumes that, if § 12–401, including subsections (d) and (e), are inapplicable to contempt appeals, and if such appeals are governed solely by § 12–402, the appeals would be on the record rather than de novo. The State also relies on Maryland District Rule P3 c., which specifies the contents of the "record" in direct contempt cases.[6] The State claims that this Rule would also be superfluous if contempt appeals from the District Court were de novo.[7] Finally, the

---

5. The assertion about § 12–402 being superfluous seems to overlook the statutory language indicating that § 12–401(a) is limited to final judgments whereas § 12–402 encompasses some interlocutory orders.

6. The State actually cites Maryland Rule P3 instead of Maryland District Rule P3. While the two rules are worded identically, the latter is the applicable rule. Maryland District Rule P3 c states:
   "c. *Record.*
   The record in such cases shall consist of:
   (1) such order of contempt,
   (2) any affidavit filed by the defendant,
   (3) any affidavit filed by the State's Attorney in support of the order of contempt, if the court directed him to investigate or prosecute the contempt, and
   (4) any testimony offered."

7. The crux of the State's position, as set forth in its brief, is as follows (Respondent's Brief, p. 6):
   "In creating a statutory right to appeal in contempt cases, the Legislature separated them from district court judgments in general. Courts & Judicial Proceedings Article, § 12–401(a) provides a gener-

State suggests that, as a policy matter, "de novo appeals are inappropriate in direct criminal contempt proceedings" because of "the need for immediate vindication of the dignity of the court." (Respondent's Brief, pp. 3–4).

In our view, the State's position is unsound for several reasons.

Preliminarily, it is not at all clear whether or not the general right of appeal from final District Court judgments, provided for in § 12–401(a) of the Courts and Judicial Proceedings Article, applies to final judgments in contempt cases. With regard to the general right of appeal to the Court of Special Appeals from final circuit court judgments set out in § 12–301, there is an express exception in § 12–302(b) for appeals in contempt cases. There is no comparable exception, however, to § 12–401(a) for appeals from final District Court contempt judgments. Rather, as pointed out in *Burch v. State,* 278 Md. 426, 428, 365 A.2d 577 (1976), "[s]ubsection (a) of § 12–401 thus grants to a criminal defendant, *without qualification,* the right to appeal from a final judgment in the District Court." (Emphasis supplied). On the other hand, the language of § 12–302(b), relating to appeals in contempt cases from the circuit courts to the Court of Special Appeals, arguably suggests a legislative intention that § 12–401(a) be deemed inapplicable to District Court contempt cases because of the presence of § 12–402.[8] Based upon the legislative history

al right of appeal from decisions of the district court; separately, in § 12–402, the Legislature provided for an appeal from a contempt order. Given the existence of § 12–402, the general provisions set forth in § 12–401 must not apply to such proceedings; if they did, § 12–402 and Rule P3 would be superfluous and unnecessary. *See, e.g., Management Personnel Services, Inc. v. Sandefur,* 300 Md. 318, 332, 478 A.2d 303 (1984) (statute, if reasonably possible, should be read so that 'no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless, or nugatory.') If the Legislature believed that § 12–401 applied to contempt cases, it would not have enacted § 12–402."

**8.** Section 12–302(b) of the Courts and Judicial Proceedings Article states as follows:

of §§ 12–401(a) and 12–402,[9] the somewhat confused Maryland history concerning the right to appeal in contempt cases,[10] and general principles regarding appealability and statutory construction, various other arguments could be advanced both for and against construing § 12–401(a) to encompass appeals in contempt cases. Nevertheless, in this case we shall assume arguendo that § 12–401(a) is inapplicable to appeals from final District Court contempt judgments.

▪ The fact that the right to appeal in District Court contempt cases may be granted by § 12–402 rather than § 12–401(a) does not render §§ 12–401(d) and 12–401(e) inapplicable to such appeals. Sections 12–401(a) and 12–402 deal with the *right* to appeal from the District Court, and §§ 12–401(d) and 12–401(e) deal with the *nature* of appeals from the District Court to the circuit courts. Nothing in the language of §§ 12–401(d) and 12–401(e) suggests that those sections only specify the nature of appeals authorized by § 12–401(a), and that the nature of District Court appeals authorized by some other provision of law is delineated elsewhere. There are no other statutory provisions setting forth the type of appeals from the District Court to the circuit courts. By their very terms, §§ 12–401(d) and 12–401(e) govern the nature of all appeals from the District

"Section 12–301 does not apply to appeals in contempt cases, which are governed by §§ 12–304 and 12–403."
The reference to § 12–403 was probably unintended, and the intention was, presumably, to refer to § 12–402 which relates to appeals in District Court contempt cases.

9. *See* the Revisor's Notes to §§ 12–402 and 12–304 in the 1974 edition of the Courts and Judicial Proceedings Article. *See also* the original statute implementing the constitutional amendment establishing the District Court, Ch. 528 of the Acts of 1970, pp. 1261–1266.

10. *Compare Ex Parte Sturm,* 152 Md. 114, 124–126, 136 A. 312 (1927); *Emergency Hospital v. Stevens,* 146 Md. 159, 165, 126 A. 101 (1924); and *Kelly v. Montebello Park Co.,* 141 Md. 194, 202–206, 118 A. 600 (1922). *See also, e.g., Billman v. Maryland Deposit Insurance Fund Corp.,* 312 Md. 128, 538 A.2d 1172 (1988); *Tyler v. Baltimore County,* 256 Md. 64, 69, 259 A.2d 307 (1969); *Weaver v. State,* 244 Md. 640, 224 A.2d 684 (1966); *State v. Stone,* 3 H. & McH. 115, 117 (Gen.Ct.1792).

Court to the circuit courts. Section 12–401(d) broadly states that, except for certain civil cases and cases containing an agreement otherwise, "in every other case, including a criminal case" the appeal from the District Court is to be de novo. If we were to construe §§ 12–401(d) and 12–401(e) as excluding criminal contempt cases, we would be inserting an exception not made by the General Assembly. In construing statutes, however, courts should be reluctant to "insert exceptions not made by the legislature." *Coleman v. State*, 281 Md. 538, 546, 380 A.2d 49 (1977), and cases there cited.

Therefore, regardless of the applicability of § 12–401(a) to appeals from final judgments in District Court contempt cases, the nature of appeals from the District Court to the circuit courts, including appeals in contempt cases, is delineated by §§ 12–401(d) and 12–401(e). Under those sections, the defendant Harper was entitled to a trial de novo before a jury.

■ Moreover, even if we were to agree with the State that §§ 12–401(d) and 12–401(e) are inapplicable to appeals in contempt cases, the result would not be different. As previously indicated, apart from §§ 12–401(d) and 12–401(e), neither § 12–402 nor any other statutory provision specifies the nature of appeals from the District Court to the circuit courts. There is no statutory language indicating that appeals from the District Court to the circuit courts in contempt cases are to be on the record. Section 12–402 merely grants a right of appeal; the section is silent concerning the characteristics of that appeal.

It may be that, in the context of an appeal from a trial court of general jurisdiction to the Court of Special Appeals or to this Court, the word "appeal" itself would connote a consideration of the case on the trial court record. The same is not true, however, in the context of an appeal from a trial court of limited jurisdiction, like the District Court, to a so-called "superior court" or trial court of general jurisdiction, like a circuit court. An appeal from a trial court of

limited jurisdiction to a trial court of general jurisdiction in Maryland has traditionally meant a trial de novo in the latter court. *See, e.g., Harding v. State,* 250 Md. 188, 192, 242 A.2d 135 (1968); *Montgomery Ward v. Herrmann,* 190 Md. 405, 409, 58 A.2d 677 (1948); *Zitzer v. Jones,* 48 Md. 115, 117 (1878); *Borden Mining Co. v. Barry,* 17 Md. 419, 428–429 (1861); *Gott v. Carr,* 6 G. & J. 309, 315 (1834); A. Thomas, *Supplement to Procedure in Justice Cases* § 483, p. 102 (1909); Code (1957, 1968 Repl.Vol.), Art. 5, §§ 30, 43; Code (1860), Art. 5, § 50. It was not until the creation of the District Court by constitutional amendment,[11] and the enactment of what is now § 12–401(d) by Ch. 528 of the Acts of 1970, effective the first Monday in July 1971, that Maryland law recognized a specified area of appeals on the record from a trial court of limited jurisdiction to a circuit court.[12] Moreover, it was not until the creation of the District Court in 1971 that any provision was made to record or transcribe the testimony in cases tried in courts of limited jurisdiction.

■ Contempt cases are no exception to the traditional practice that appeals from trial courts of limited jurisdiction

---

**11.** *See* Ch. 789 of the Acts of 1969, ratified November 3, 1970.

**12.** It is noteworthy that when Ch. 528 of the Acts of 1970 was first introduced, as Senate Bill 6, the wording of the bill would have effected a drastic change in the nature of appeals from the court of limited jurisdiction level. The bill provided in a new § 156 to Art. 26 of the 1957 Code (now § 12–401(d) of the Courts and Judicial Proceedings Article) that "[i]n any case, the court [of general jurisdiction] shall hear and decide the appeal on the record made in the District Court, as designated by the parties. There shall be no right to a trial de novo in the appellate court." In the course of the legislative process, all of the above-quoted language after the first four words was stricken and new language inserted, so that the provision in pertinent part read as follows:

> "In any case, EXCEPT A CIVIL CASE INVOLVING A CLAIM OF ONE THOUSAND DOLLARS ($1,000.00) OR MORE, THERE SHOULD BE AN ABSOLUTE RIGHT TO A TRIAL DE NOVO. IN ANY CIVIL CASE INVOLVING A CLAIM OF ONE THOUSAND DOLLARS ($1,000.00) OR MORE, THE APPEAL SHALL BE HEARD AND DECIDED ON A TRANSCRIPT OF THE RECORD MADE IN THE DISTRICT COURT."

to trial courts of general jurisdiction are de novo. For example, *Weaver v. State,* 244 Md. 640, 224 A.2d 684 (1966), like the instant case, originated as a direct criminal contempt proceeding in a court of limited jurisdiction. The defendant Weaver was found by the Municipal Court of Baltimore City to be in direct contempt of that court and was fined $25 plus costs. Weaver appealed to the Criminal Court of Baltimore [13] which upheld the determination of the Municipal Court and imposed the same sentence. Upon a further appeal to this Court, the judgment was reversed because of procedural error relating to the lack·of proper notice. While there was no discussion in this Court's *Weaver* opinion concerning the nature of the appeal from the Municipal Court to the Criminal Court, the briefs and record extract before this Court disclose that the appeal was a trial de novo in the Criminal Court.[14] The entire record extract consisted of the defendant's ˙election in the Criminal Court of a court trial rather than a jury trial and of the testimony in the Criminal Court. The facts concerning the case set forth in the Court's opinion, including the recitation of what happened in the Municipal Court, were all taken from the testimony of witnesses at the Criminal Court trial de novo.

■ Under traditional principles, not only would a criminal appeal from a trial court of limited jurisdiction to a trial court of general jurisdiction be de novo, but there would be a right to a jury trial on the de novo criminal appeal. Except as restricted by constitutionally permissible statutes or rules, a defendant is entitled to a jury trial in a de novo appeal in a criminal case. *See, e.g., Stanton v. State,* 290 Md. 245, 248, 428 A.2d 1224 (1981); *Hardy v. State,* 279 Md. 489, 369 A.2d 1043 (1977). The only legislative provision

---

**13.** With regard to criminal cases, the Criminal Court of Baltimore was the predecessor of the Circuit Court for Baltimore City. *See* Ch. 523 of the Acts of 1980, ratified November 4, 1980, effective January 1, 1983.

**14.** *See* 404 Briefs and Record Extracts in the Court of Appeals, September Term 1965, No. 526.

that restricts a criminal defendant's entitlement to a jury trial on a de novo appeal in a case like this would be § 12–401(e), which limits the right to a jury trial in a de novo criminal appeal to cases where the offense is subject to a penalty of imprisonment or cases where there is a constitutional right to a jury trial for the offense. If § 12–401(e) were inapplicable to a category of criminal appeals from the District Court to the circuit courts, there would be no restriction upon the entitlement to a jury trial in cases falling within that category.

Consequently, the defendant Harper was entitled to a de novo jury trial in the circuit court under § 12–401(d) and 12–401(e), and, if those sections were inapplicable, he would still have been entitled to a de novo jury trial under traditional principles.

■ The State's argument based on Maryland District Rule P3 d, which enumerates a list of items to be included in the record in direct contempt cases, is without merit. Nothing in the language of Rule P3 indicates whether appeals in direct contempt cases are to be on the record or de novo. A specification of items to be included in the District Court record does not create an inference that the appeal must be limited to that record. In all District Court cases there is a record consisting of docket entries, all pleadings and orders filed in the case, other documents filed in the case, the recorded testimony before the District Court, and other evidence introduced at trial. Despite the existence of a District Court record in every case, the appeals in a vast majority of these cases will be de novo. This does not mean that provisions for a record, in cases where there is a right to a de novo appeal, would be superfluous as argued by the State. In any case where there is a right to a de novo appeal, the parties may, subsequent to the District Court trial, agree that the appeal should be on the record. If there is such an agreement, the appeal will be on the record under the provisions of § 12–401(d) of the Courts and Judicial Proceedings Article. Moreover, even where there is a de novo appeal, portions of

the District Court record may be pertinent. *See Weaver v. State, supra,* 244 Md. at 643, 645, 224 A.2d 684, holding that the former Municipal Court of Baltimore City should have complied with portions of Rule P3, and that the Municipal Court judge should have signed the type of order set forth in Rule P3 even though the appeal from the Municipal Court was de novo.[15]

This Court could, under its constitutional rule-making authority over matters of practice and procedure,[16] expand the category of cases where appeals from the District Court would be on the record, as long as the rights to jury trial were preserved. Nevertheless, we did not do so by promulgating Maryland District Rule P3 d.

■ Lastly, the State's reliance on the policy concerning "the need for immediate vindication of the dignity of the court," is misplaced.[17] At one time, this policy was relied upon by those authorities taking the position that there should be no appeals in contempt cases. As pointed out for the Court by Chief Judge Hammond in *Tyler v. Baltimore County,* 256 Md. 64, 69, 259 A.2d 307 (1969),

"[t]he right of appellate review from a finding of contempt or a refusal to find contempt did not exist at all at common law. The theory was, essentially, that the power to punish for contempt was so absolutely essential to the functioning and, indeed, the existence of courts that to be effectual the power must be instantly available and inevitable to the point of not being subject to change. 4 Am.Jur.2d, *Appeal and Error* § 168; 17 C.J.S., *Con-*

---

**15.** The Court in the *Weaver* case, while pointing out that the P rules were not expressly applicable to the Municipal Court of Baltimore City, took the position that the Municipal Court should nevertheless have followed certain provisions of the P rules, 244 Md. at 645. The *Weaver* Court apparently saw no inconsistency between these provisions and the concept of a de novo appeal.

**16.** Maryland Constitution, Art. IV, § 18.

**17.** For a recent discussion concerning the importance of this policy, see, *Wilkins v. State,* 293 Md. 335, 339–340, 444 A.2d 445 (1982).

*tempt* § 112; *New England Novelty Co. v. Sandberg* (Mass.), [315 Mass. 739] 54 N.E.2d 915, 917...."

As indicated above, this policy relied on by the State precluded any appeal. Whether the appeal was on the record or de novo was irrelevant. Nevertheless, once the General Assembly enacted what is now §§ 12–304 and 12–402 of the Courts and Judicial Proceedings Article, broadly authorizing appeals in contempt cases, any pre-existing theory in Maryland that appellate proceedings were inconsistent with the need for immediate vindication of the dignity of the court, was no longer viable. In this regard, we are unable to discern any sound legal basis for differentiating between appeals on the record and appeals de novo.

The defendant Harper was entitled to, and on remand should be granted, a trial de novo before a jury in the Circuit Court for Baltimore City.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.