542 A.2d 380

**EASTERN PUBLISHING, INC.**

v.

**JENDER PRINTING.**

**No. 157, Sept. Term, 1987.**

Court of Appeals of Maryland.

June 10, 1988.

William E. Seekford, Towson, for appellant.

No argument on behalf of appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

MURPHY, Chief Judge.

The question presented is whether an appeal from a final judgment in the District Court on a replevin action brought under Maryland Code (1984 Repl. Vol.) § 4–401(2) of the Courts and Judicial Proceedings Article should be heard de novo or on the record.[1]

Section 4–401(2) vests exclusive original civil jurisdiction in the District Court in "[a]n action of replevin, regardless of the value of the thing in controversy." Section 12–401(d) provides, in pertinent part, that an appeal from a District Court judgment in a civil case

> "in which the amount in controversy exceeds $1,000 exclusive of interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract, and in any case in which the parties so agree, ... shall be heard on the record made in the District Court. In every other case

---

1. Unless otherwise indicated, all section references are within the Courts and Judicial Proceedings Article.

... an appeal shall be tried de novo." [2]

## I.

In 1986, Eastern Publishing, Inc. (Eastern) instituted a replevin action in the District Court in Baltimore County to recover certain materials in the possession of Jender Printing (Jender). In particular, Eastern alleged that although it had never contracted with Jender, Jender had performed work in connection with the withheld materials and refused to return them until Eastern paid for Jender's services. Jender filed a counterclaim for $744 in the replevin action, the amount allegedly due for its services to Eastern.

The District Court granted Eastern's claim for restitution in the replevin action. It also awarded Jender $372 on its counterclaim. Eastern appealed to the Circuit Court for Baltimore County from the judgment entered against it on the counterclaim.

The circuit court (Turnbull, J.) affirmed the judgment in favor of Jender without a hearing and upon the record transmitted to it from the District Court.[3] Eastern subsequently filed a Motion to Alter or Amend the Judgment, alleging that as the amount in controversy was less than $1,000, the appeal should have been heard de novo pursuant to § 12–401(d). In an order denying the motion, the court said:

---

2. By ch. 314 of the Acts of 1987, the "amount in controversy" provision in Section 12–401(d) was increased to $2,500, effective January 1, 1988.

3. The court relied on the standard of review set forth in Rule 1386 which provides that

"[i]n the appeals to be decided on the record of the lower court, the appellate court will review the case upon both the law and the evidence, but the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses."

Under this standard, the court found that the District Court's determination was not clearly erroneous.

"According to Section 4–401(2) ..., an action of Replevin, regardless of the value of the thing in controversy, lies with the District Court. Any appeal taken from such an action should necessarily be heard upon the record in the Circuit Court as the amount in controversy is not at issue."

We granted certiorari to consider the significant issue involved in the case.

## II.

It is clear that the circuit court read the language of § 4–401(2), which vests exclusive original jurisdiction in the District Court in all replevin actions "regardless of the value of the thing in controversy," to preclude the applicability on appeal of the "amount in controversy" provision of § 12–401(d). In so concluding, we think the circuit court was in error.

The statutory scheme provides that all replevin actions, irrespective of the value of the property in controversy, must originate in the District Court. Appellate review of final judgments of the District Court is explicitly provided for under § 12–401(a).[4] *See Burch v. State*, 278 Md. 426, 428, 365 A.2d 577 (1976) (§ 12–401(a) provides for right of appeal without qualification). Section 12–401(d) then sets forth the manner in which the appeal shall be heard, *i.e.*, those civil claims of $1,000 or less are to be tried de novo, while those which exceed $1,000 are on the record. No exceptions or qualifications are made to this clear line of demarcation between de novo and on-the-record civil appeals. By its plain wording, § 4–401(2) relates only to the initial original jurisdiction of the District Court in replevin actions; it does not implicate the appellate process. This section does not, therefore, prescribe the mode of appeal to be taken in the circuit court, which is covered by an entirely

---

**4.** Section 12–401(a) provides, in relevant part, that "[a] party in a civil case or the defendant in a criminal case may appeal from a final judgment entered in the District Court."

different section, namely, § 12–401(d). Manifestly, the two sections, covered under different subtitles of the Courts Article, deal with different stages in the litigation process.

Recently, in *Harper v. State,* 312 Md. 396, 540 A.2d 124 (1988), we discussed the nature of appeals from the District Court to the circuit court. There, the defendant had been denied his request for a trial de novo before a jury on appeal to the circuit court from a direct criminal contempt conviction. In reversing the circuit court, we found that under the plain language of § 12–401(d), and of § 12–401(e), which provides a right to a jury trial, the defendant was entitled to a de novo trial before a jury on his appeal. We thus rejected the State's argument that § 12–402, specifically providing for a right of appeal in contempt cases, rendered § 12–401(d) and (e) inapplicable. Assuming arguendo that § 12–402's provision for appeals in contempt cases, rather than § 12–401(a) governs such appeals, we stated that

"Sections 12–401(a) and 12–402 deal with the *right* to appeal from the District Court, and §§ 12–401(d) and 12–401(e) deal with the *nature* of appeals from the District Court to the circuit courts.... There are no other statutory provisions setting forth the type of appeals from the District Court to the circuit courts. By their very terms, §§ 12–401(d) and 12–401(e) govern the nature of all appeals from the District Court to the circuit courts. Section 12–401(d) broadly states that, except for certain civil cases and cases containing an agreement otherwise, 'in every other case, including a criminal case' the appeal from the District Court is to be de novo."

540 A.2d 127 (emphasis in original).

*See also Barbee v. Barbee,* 311 Md. 620, 537 A.2d 224 (1988) (appeal from District Court to circuit court arising under the Domestic Violence Act required to be heard de novo when amount in controversy less than $1,000); *Purvis v. Forrest Street Apts.,* 286 Md. 398, 408 A.2d 388 (1979)

(amount in controversy determines nature of appeal from District Court in landlord/tenant action).

We further noted in *Harper* that to construe § 12–401(d) and (e) to exclude criminal contempt cases would create an exception not intended by the legislature. The same would be true if we now removed replevin actions from the all-encompassing language of § 12–401(d). *See Coleman v. State*, 281 Md. 538, 546, 380 A.2d 49 (1977) (courts should not construe statutes so as to "insert exceptions not made by the legislature").

As the nature of appeals from the District Court to the circuit court in replevin actions is governed by § 12–401(d) and not by § 4–401(2), and as Eastern has met the requisite jurisdictional amount, Eastern was entitled to a trial de novo on appeal.

JUDGMENT OF THE CIRCUIT COURT FOR BALTI-MORE COUNTY REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.