809 A.2d 691

**Barry A. JACOBSON**

v.

**SOL LEVINSON & BROS., INC.**

**No. 11, Sept. Term, 2002.**

Court of Appeals of Maryland.

Oct. 15, 2002.

Irwin R. Kramer (Kramer & Connolly, on brief) of Owings Mills, for petitioner.

James R. Barrett (Offit, Kurman, Yumkas & Denick, P.A., on brief) of Owings Mills, for respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

## ORDER

PER CURIAM.

The Court having considered and granted the petition for writ of certiorari in the above-captioned case, it is this 15th day of October, 2002,

ORDERED, by the Court of Appeals of Maryland, that the writ of certiorari be, and it is hereby, dismissed with costs, the petition having been improvidently granted.

BELL, C.J., Dissenting from Dismissal of Petition for Certiorari, in which ELDRIDGE, J. and RAKER, J., join.

Maryland Code (1973, 1998 Replacement Volume) § 12–203 of the Courts and Judicial Proceedings Article governs the certiorari practice in this Court. It provides:

"If the Court of Appeals finds that review of the case described in § 12–201 is desirable and in the public interest, the Court of Appeals shall require by writ of certiorari that the case be certified to it for review and determination. The writ may issue before or after the Court of Special Appeals has rendered a decision. The Court of Appeals may by rule provide for the number of its judges who must concur to grant the writ of certiorari in any case, but that number may not exceed three. Reasons for the denial of the writ shall be in writing."

Finding it desirable and in the public interest to review the propriety of a Circuit Court, sitting in an appellate capacity, conducting a de novo trial in a case that, pursuant to statute, Maryland Code (1973, 1998 Replacement Volume) § 12–401(f) of the Courts and Judicial proceedings Article,[1] and the Mary-

---

1. Maryland Code (1973, 1998 Replacement Volume) § 12–401(f) of the Courts and Judicial Proceedings Article provides:

"(f) *De novo and on record appeals.*-In a civil case in which the amount in controversy exceeds $2,500 exclusive of interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract, in any matter arising under § 4–401(7)(ii) of this article, and in any case in which the parties so agree, an appeal shall be heard on the record made in the District Court. In every other case, including a criminal

land Rules, Rule 7–102,[2] is required to be heard on the record,[3] the question presented by the Petition for Writ of Certiorari[4] filed by Barry A. Jacobson, the petitioner, this Court unanimously granted the petition. And we did so with full information with respect to how the issue was generated.

The petitioner did not, to be sure, highlight his role in creating the situation resulting in this issue being presented to this Court. His focus was on the fact that the Circuit Court conducted a de novo trial of a case, involving more than $2500.00, appealed from the District Court, whether it was

case in which sentence has been imposed or suspended following a plea of nolo contendere or guilty, and an appeal in a municipal infraction or Code violation case, an appeal shall be tried de novo."
The petitioner initially noted an appeal to the Court of Special Appeals. That court transferred the case to this Court, pursuant to Maryland Code (1973, 1998 Replacement Volume) § 12–302(a) of the Courts and Judicial Proceedings Article and Maryland Rule 8–132. We subsequently granted certiorari.

2. That Rule provides, as pertinent:
"(b) On the Record. An appeal shall be heard on the record made in the District Court in the following cases:
"(1) a civil action in which the amount in controversy exceeds $2,500 exclusive of interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract;
"(2) any matter arising under § 4–401(7)(ii) of the Courts Article;
"(3) any civil or criminal action in which the parties so agree;
"(4) an appeal from an order or judgment of direct criminal contempt if the sentence imposed by the District Court was less than 90 days' imprisonment; and
"(5) an appeal by the State from a judgment quashing or dismissing a charging document or granting a motion to dismiss in a criminal case."

3. Although phrased somewhat differently by the Court, the issue is substantively the same as I have presented it. The Court's version is:
"Does the lack of a record in the District Court due to a recording malfunction permit the Circuit Court to review de novo the District Court's judgment in a large claim?"

4. There were actually two questions that, together, framed the issue:
"Where a record of District Court proceedings cannot be obtained, do Circuit Courts have subject matter jurisdiction to review large claims through an appeal de novo?
"Where the Circuit Court hears the appeal of an a large claim in a trial de novo, should its legal rulings be exempt from review in the Court of Special Appeals?"

legally permissible and the impact of such a procedure on the petitioner's appeal rights. The petitioner also addressed an evidentiary issue pertaining to Maryland Code (1981, 2000 Replacement Volume) § 7–404 of the Health Occupations Article and the statute of frauds.[5]

The omission as to the petitioner's role in the generation of the "cert" worthy issue was quickly corrected. In its Answer to Petition for Writ of Certiorari, the respondent informed the Court, with supporting documentation, as to how the situation developed. It reported that, aware of the unavailability of the transcript of the District Court trial, it filed a Motion for Trial De Novo in the District Court and that, in response, the petitioner asserted "that the appeal should be heard by the Circuit Court de novo," reasoning that the Circuit Court "has appellate jurisdiction in this case now that a notice of appeal has been filed." Moreover, the respondent pointed out, the petitioner attached to his answer an order to implement his position. That order denied the motion with respect to trial de novo in the District Court, but

> "Ordered that an appeal de novo shall be heard in the Circuit Court for Baltimore County, which shall constitute the one appeal as of right in this Court. This Court finds this is the only acceptable remedy in light of the lack of a proper transcript in the District Court."

Then, the respondent attached the order signed by the District Court Judge and it was the order submitted by the petitioner. It concluded its Statement of the Case by noting, "Petitioner now contradicts his own reasoning it had previously presented to the Court and argues that the very result that Petitioner requested, that the trial be heard de novo in Circuit Court, was incorrect." Subsequently, the respondent addressed the merits of the issue, maintaining that not only did the Circuit Court have the power to do what it did, but that

---

5. In the Petition for Writ of Certiorari, the petitioner asked:

    "Does the Circuit Court have the power to enforce an alleged oral contract for funeral expenses in violation of a specific statute of frauds enacted by the General Assembly to protect consumers by requiring that such contracts be put in writing?"

the issue was waived by the petitioner and, in any event, is not a matter of subject matter jurisdiction.

In his Reply to the respondent's answer, the petitioner did not deny that he championed the Circuit Court's de novo trial of the large claim. Rather, he again sought to maintain the focus on the effect of the procedure, rather than its cause. Thus, in addition to reiterating the position that the subject matter of the Circuit Court was implicated and arguing that it could not be waived and accusing the respondent of ignoring our case law to that effect, the petitioner argued that there is no authority empowering the Circuit Court to review a District Court judgment in a large claim de novo. Significantly, he submitted:

Simply put, though parties may consent to a record appeal in a small claims action, they may not consent to the de novo appeal of a large claim.... As Judge Eldridge observed, "In any case where there is a right to a de novo appeal, the parties may, subsequent to the District Court trial, agree that the appeal should be on the record. If there is such an agreement, the appeal will be on the record under the provisions of [§ 12–401(f) ] of the Courts and Judicial Proceedings Article." *Harper v. State*, 312 Md. 396, 407, 540 A.2d 124, 129 (1988). Although the General Assembly gave litigants this option to streamline cases and enhance judicial economy, there is no authority for the opposite approach in which parties agree that a record appeal should somehow be converted into a trial de novo. Indeed, beyond this one option, "No exceptions or qualifications are made to this clear line of demarcation between de novo and on-the-record civil appeals." *Eastern Publishing [v. Jender Printing ]*, 312 Md. [715,] 718, [542 A.2d 380, 382 (1988) ].

We set a briefing schedule and set the case for argument. Other than the petitioner emphasizing the parol evidence rule in its evidentiary argument, the briefs uncovered no new issues, simply expanded on those argued in the "cert" papers. Nor was there identified by the respondent any matter, not already known to the Court that would render decision in this case unwise, unnecessary or improvident. To be sure, during

argument, the Court focused on the petitioner's responsibility for the posture of the appeal, directing pointed questions to his counsel in that regard. Judging from the tenor of the questions, it is fair to say that the petitioner's position was not perceived by the Court to be very strong from the standpoint of equity. Other questions made the point that, equitable, or not, the procedure followed by the Circuit Court, whatever its genesis, was unauthorized, flying, as the petitioner has posited, in the face of § 12–401(f), and, thus, both as a legal matter and as a matter of policy, could not, and should not, be condoned. Nevertheless, the Court dismisses the petition for writ of certiorari as improvidently granted. There appears from the record no basis for the decision other than a desire to avoid the question, perhaps because of the lack of equity, as opposed to the merits, of the petitioner's position.

As we have seen, however, the petitioner's responsibility for the posture of the appeal and, therefore, the equity of his position were well known to the Court by reference to the "cert" papers, particularly, the respondent's answer to the cert petition. In any event, the lack of equity in the petitioner's position could be, and is appropriately, addressed by the decision as to how to allocate the costs of the proceedings.

Last term, a similar situation arose. *Koenig v. State,* 368 Md. 150, 792 A.2d 1124. (2002). Dissenting from the Court's dismissal of the petition for certiorari in that case as improvidently granted, I made the point that it is this Court's responsibility, and, indeed, one of its "raison d'etre's," to decide cases, properly presented, that pose questions that it is desirable and in the public interest to decide. *Id.* at 159, 792 A.2d at 1130 (Bell, C.J., dissenting from Dismissal of Petition for Certiorari). There is no issue in this case as to the "cert" worthiness of the question for the resolution of which we granted certiorari. We are concerned only with the prudence or judiciousness of that decision.[6] I addressed that issue in *Koenig,* as well. *Id.* at 157–158, 792 A.2d at 1128–1129.

---

6. Pursuant to Maryland Code (1974, 1998 Replacement Volume) § 12–305 of the Courts and Judicial Proceedings Article, the Court of Appeals

It is clear to me that once certiorari has been granted to consider an undisputed "cert" worthy issue, there must be a compelling reason not to address and decide it; the petition really must have been improvidently [7] granted. A petition is appropriately improvidently granted "when certiorari has been granted to address a particular issue, there being no other 'cert' worthy issue, and briefing and argument have disclosed that the issue for which certiorari was granted is not, in fact, presented by the case, need not, or cannot, be reached on the merits." *Koenig*, 368 Md. at 151, 792 A.2d at 1125. I am aware that a petition for certiorari may be dismissed as improvidently granted even when the issue for which certiorari was granted remains in the case. That occurs when "[s]ubsequent events, such as legislative action, may render the issue less important or its impact less extensive, making the decision to await another case proper." *Id.* at 152, 792 A.2d at 1125. We do not have either of those situations here.

In this case, it is undisputed that the Circuit Court, prompted by the petitioner, but ultimately acquiesced in by the respondent, tried a District Court appeal involving more than $2500.00, de novo. Section 12–401(f) quite clearly provides that appeals involving that amount are to be tried on the record made in the District Court. Moreover, while it provides, in the case of appeals required to be by trial de novo, the option of review on the record when the parties agree, it pointedly does not provide a comparable option in the case of record appeals; there is no provision for the parties to agree to proceed by way of a de novo trial. Dissatisfied with the

---

may review, by writ of certiorari, only those cases "in which a circuit court has rendered a final judgment on appeal from the District Court or has rendered a final judgment on appeal from an administrative decision under Title 16 of the Transportation Article" and in which uniformity of decision is required or it is desirable and in the public interest that the decision be reviewed. Dismissal of the petition for writ of certiorari as improvidently granted thus is permissible in this case.

7. Black's Law Dictionary, Seventh Ed.1999, p. 761, defines "improvident" as "of or relating to a judgment arrived at by using misleading information or a mistaken assumption."

decision of the Circuit Court rendered after the de novo trial, the petitioner sought certiorari in this Court. Relying on § 12–401(f), he argued that court's lack of authority to so proceed. While the petitioner did not highlight the role he played in the creation of the issue, it was fully presented to the Court nonetheless by the respondent in its answer to the petition and the petitioner did not deny it. With the case in that posture, we granted the petition filed by the petitioner. As we have seen, the posture of the case did not change thereafter.

There simply is no basis for the refusal to decide this case. In fact, the only conceivable bases for the dismissal of the petition as improvidently granted are the fact that the petitioner was instrumental in causing the de novo review at issue, the perceived inequity of allowing the petitioner to benefit from that instigation and, perhaps, the belief that the matter was correctly decided. Whichever is the basis for the decision, it is sufficient to remind the Court that each was known before certiorari was granted; there was nothing improvident about the decision to grant certiorari. In addition, it should be remembered that, while an attorney may advocate for a result, the court is not obliged to adopt it. In this case, the District Court adopted the petitioner's argument, signing an order to that effect, and the Circuit Court did, as well. This may well underscore the "cert" worthiness of the issue.

The Court was not misled concerning the case by information supplied or withheld. Nor could there be any mistaken assumptions about the case. It is not enough to want to avoid an issue, squarely presented. Moreover, any inequity that exists as a result of the petitioner's actions in this case can be, I repeat, addressed by charging the petitioner with the payment of the costs, whatever the outcome of the appeal.

Concluding my dissenting opinion in *Koenig,* I stated:

"Granting certiorari to consider and resolve some novel, difficult and complex issue and broadly relevant issue is indeed what we do. In fact, as the court of last resort in this State, charged, in addition with setting the legal policy,

that is, it may be said, the Court's "raison d'etre." In this case, I fear that we have not justified to the people of this State, whom we are mandated to serve, our "raison d'etre."

368 Md. at 159, 792 A.2d at 1130. I continue of that view. Accordingly, once again, I dissent from a dismissal of a petition granting certiorari as improvidently granted, believing that when the Court grants certiorari to review an issue that is admittedly "cert" worthy, something more is required of the Court than a desire to avoid making a decision.

Judges ELDRIDGE and RAKER join in the views herein expressed.